ROSE R. ALLISON *v.* E. PAUL KOVACS COMPANY, INC.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued March 1—decided March 16, 1966

*Adrian W. Maher,* with whom, on the brief, were *Brian P. Maher* and *Kevin J. Maher,* for the appellant (defendant).

*Patricia A. Geen,* for the appellee (plaintiff).

ALCORN, J.  In the early afternoon of a clear, dry day in April, the plaintiff was driving her Rambler automobile toward her home on Hoyt Road in Bethel. On the way she collided with the defendant's truck. The driver of the truck was returning to work after lunch at his home on Hoyt Road.  The plaintiff brought this action for damages, alleging that the collision occurred because the "defendant's employee's actions were careless, reckless, and negligent in that he knew the difficulties of the road and yet operated the defendant's truck in such a manner as not to have it under his control to avoid striking any vehicle that may have been coming from the opposite direction".  The defendant denied this allegation and pleaded the plaintiff's contributory negligence.  In a trial to the court, judgment was rendered for the plaintiff, and the defendant has appealed.

The facts found furnish the basis for determining the appeal. *Automobile Ins. Co.* v. *Conlon,* 153 Conn. 415, 421, 216 A.2d 828, and cases cited.  We consider decisive the defendant's attack on the court's conclusions that the "[d]efendant's operator was negligent in continuing to proceed into this curve after seeing the plaintiff vehicle knowing as he did that both vehicles could not pass" and that "[t]he defendant's operator was negligent in continuing to proceed down the hill and into the curve

after seeing the plaintiff's vehicle, knowing as he did that both vehicles could not pass each other." No other negligence on the part of the defendant's driver is found to exist. Even if we are to assume, without deciding, that the court's conclusions as to negligence fall within the purview of the allegations of the complaint, they can furnish no basis for imposing liability on the defendant unless they are supported by the subordinate facts. *Camp Isabella Freedman of Connecticut, Inc.* v. *Canaan,* 147 Conn. 510, 513, 162 A.2d 700.

The finding, which is not subject to correction, is that Hoyt Road was a narrow, country road with a traveled surface fourteen feet wide. The defendant's truck was more than eight feet wide. There is no finding as to the width of the plaintiff's automobile. The collision occurred as the plaintiff was rounding a blind, left-hand curve on an ascending grade. The defendant's truck, which was approaching the plaintiff from the opposite direction, was traveling as close as possible to its extreme right-hand side of the road. The plaintiff could not see the truck until a moment before the collision. The truck driver, from a higher elevation, however, saw the plaintiff approaching.

The court has found no subordinate facts to support its conclusion that, in continuing to proceed down the hill and into the curve after seeing the plaintiff's vehicle, the defendant's operator knew that the vehicles could not pass. It is therefore unnecessary to consider the other assignments of error.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.