ROBERT A. TREMBLAY *v.* CONNECTICUT STATE EMPLOYEES' RETIREMENT COMMISSION ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued November 12, 1975—decision released March 23, 1976

*Paul M. Palten,* for the appellant (plaintiff).

*David J. Della-Bitta,* assistant attorney general, with whom, on the brief, were *Carl R. Ajello,* attorney general, and *Bernard F. McGovern, Jr.,* assistant attorney general, for the appellees (defendants).

LONGO, J. The facts of this case are as follows: In August of 1968, after he had applied for a position as a fire and security officer at Bradley International Airport, the plaintiff, Robert A. Tremblay, was given the required pre-employment physical examination by the state department of health's section on health services for state employees. That examination revealed a soft systolic murmur at the apex of the plaintiff's heart and a blood pressure of 130 over 88. The murmur had been discovered and blood pressure of 140 over 80 had been recorded at a previous examination. Other tests and x-rays taken during the August examination showed no abnormalities. The examining physician concluded that hypertension was not indicated and that the soft systolic murmur was "functional" or "innocent." The physician reported that the plaintiff had passed the examination, and the plaintiff was subsequently hired by the state. During the summer of 1969, in the course of his employment at the airport, two emergencies occurred. The plaintiff was called to subdue an employee who was threatening his supervisor with a knife, and the plaintiff was required to minister to a heart attack victim. He continued to work until December, 1969, when he suffered a heart attack and was hospitalized. On February 1, 1970, he was released from state service. The plaintiff applied for disability retirement benefits. He appeared before the state medical examining board in March, 1970, and the board determined that he was ineligible to receive retirement benefits. On April 13, the state employees' retirement commission voted to deny the plaintiff's application. The plaintiff's case was reconsidered by the medical board on August 26 and by the commission on September 10 and he was again found to be ineligible. The plaintiff retained counsel and

a further hearing was held before the commission on May 13, 1971. The commission voted to confirm its prior denial of the plaintiff's application.

The plaintiff brought an action against the commission and the medical board, the defendants in this case, seeking a writ of mandamus directing that retirement benefits be awarded to him. The trial court rendered judgment for the defendants denying the writ, and from this judgment the plaintiff appealed.

The plaintiff's assignment of errors is lengthy. This court will make corrections of findings of fact where the trial court has refused to find "a material fact which was an admitted or undisputed fact." Practice Book § 628. Paragraphs which the plaintiff seeks to add to the finding on this ground will not be added because they are implicit in the finding or include facts not material to the issues of the case; see *Charter Oak Estates, Inc.* v. *Kearney*, 160 Conn. 522, 525, 280 A.2d 885; or because an examination of portions of the appendix, pleadings or exhibits does not disclose that facts contained in those paragraphs are admitted or undisputed. See *Barnini* v. *Sun Oil Co.*, 161 Conn. 59, 60, 283 A.2d 217. Requested corrections of the finding relating to claims of law made by the plaintiff, which are relevant to this appeal, are discussed in the opinion. The plaintiff also claims that the trial court erred in reaching certain conclusions and in failing to reach others, and in rendering judgment for the defendants which is unsupported by the court's conclusions. Conclusions are to be tested by the finding and several of the conclusions attacked by the plaintiff must stand because they are legally or logically consistent with facts found. *Hutensky*

v. *Avon,* 163 Conn. 433, 437, 311 A.2d 92. The other conclusions are reviewed insofar as they affect the final result. See *Jones Destruction, Inc.* v. *Upjohn,* 161 Conn. 191, 200, 286 A.2d 308.

We first consider the plaintiff's claim that the trial court erred in concluding that the determination of the plaintiff's entitlement to disability retirement benefits required the exercise of discretion by the defendants.

The legislature has delegated to the defendant commission the broad and general power to administer the state retirement system.[1] It is aided in that task by the defendant medical board.[2] That board is composed of physicians and is to make a determination of an applicant's eligibility for disability retirement benefits. The board is to report its findings to the commission, which then grants or denies the application for such benefits. The determination made by the defendants clearly represents a decision made by them on the basis of their

[1] "[General Statutes] Sec. 5-155. RETIREMENT COMMISSION. . . . (d) The retirement commission shall administer this retirement system, the municipal employees' retirement system established by chapter 113, part II, and all other state retirement and pension plans except the teachers' retirement fund. . . ."

[2] "[General Statutes] Sec. 5-169. DISABILITY RETIREMENT. . . . (c) The governor shall appoint a board of seven physicians, each of whom is a state employee and two of whom shall be experienced in psychiatry, to serve at his pleasure as a medical examining board to determine whether each applicant for disability retirement is entitled thereto. Three of such members, one of whom shall be the elected chairman or the elected secretary of the board, shall constitute a quorum for the determination of any applicant's entitlement. The chairman or the secretary shall report the findings of the board to the retirement commission from time to time as requested by the commission as to the entitlement of each applicant or the continuance of disability of members so retired. The comptroller is authorized to pay for stenographic and professional services as requested and approved by the board. . . ."

own judgment and therefore is a matter of discretion, not ministerial duty. 2 Am. Jur. 2d, Administrative Law, § 191.

The plaintiff argues that the disposition of his particular application was a purely ministerial matter. He claims that because he passed the pre-employment physical examination, the defendants had no choice but to find that he is entitled to retirement benefits. An examination of the two statutes on which the plaintiff based his claim for benefits is necessary. The first is General Statutes § 5-169 (b) which provides that a member of state service who becomes permanently disabled is eligible for disability retirement if his disability is "a result of any injury received while in the performance of his duty as a state employee." The second statute, § 5-145a, extends to certain employees the benefit of a presumption: "Any condition of impairment of health caused by hypertension or heart disease resulting in total or partial disability or death to a member of the security force . . . of the bureau of aeronautics department . . . who successfully passed a physical examination on entry in such service, which examination failed to reveal any evidence of such condition, shall be presumed to have been suffered in the performance of his duty."

The plaintiff based his claim under § 5-169 (b) on the evidence he had offered of the emergency situations which occurred in the summer of 1969. The board found that that evidence did not prove that the plaintiff's heart attack was sustained in the performance of his duties as a state employee, and the commission accepted that finding. This conclusion clearly required the exercise of judgment on the part of the defendants and was a matter within their discretion.

The fact that the plaintiff passed the pre-employment physical examination did not automatically entitle him to retirement benefits. Under § 5-145a, the examination must not only be passed, but it must also fail "to reveal any evidence" of hypertension or heart disease. Therefore, the defendants are required to exercise their judgment in determining whether any such evidence has been revealed. The members of the board concluded that in view of the blood pressure recorded and the murmur observed, the examination had not failed to reveal any evidence of hypertension or heart disease. The board reported its finding to the commission. In the hearing before the commission, the plaintiff introduced expert testimony that the blood pressure and soft systolic murmur were not evidence of hypertension or heart disease. After receiving this conflicting evidence, the commission determined that the examination had not failed to reveal any evidence of hypertension or heart disease, so that the plaintiff was not entitled to the benefit of the presumption in § 5-145a. Although it is possible to disagree with the determination made by the defendants, the court could not substitute its discretion for that of the defendants. We find that the trial court properly concluded that the determination of the plaintiff's entitlement to disability retirement benefits required the exercise of discretion by the defendants.

The trial court was also correct in entering judgment denying a writ of mandamus. As this court has recently stated: "A 'writ of mandamus is an extraordinary remedy to be applied only under exceptional conditions, and is not to be extended beyond its well-established limits.' [citations omitted.] 'The writ of mandamus is designed to

enforce a plain positive duty, upon the relation of one who has a clear legal right to have it performed, and where there is no other adequate legal remedy.' [citations omitted.] Consequently, a writ of mandamus will not lie to direct performance of an act requiring the exercise of a public officer's judgment or discretion." *Light* v. *Board of Education,* 170 Conn. 35, 37, 364 A.2d 229.

This appeal is taken from a judgment of the Superior Court denying relief by mandamus. A writ of mandamus will not lie "to review a discretionary action of a public officer or board and compel a different course of action." *Light* v. *Board of Education,* supra, 38. Therefore, we will not consider the plaintiff's claims that the defendants have abused their discretion in denying the plaintiff's application for benefits. Consequently, it is not necessary to discuss in detail the conflicting evidence before the defendants or to consider the defendants' bill of exceptions relating to certain expert testimony heard by the court. In an action in the nature of mandamus, the function of the court is "merely to decide the limited question whether the board, in exercising its judgment and discretion, acted in disregard of the law defining its powers, capriciously or arbitrarily, and not in the honest exercise of its discretion." *Hannifan* v. *Sachs,* 150 Conn. 162, 166, 187 A.2d 253. The plaintiff claims that the defendants did act illegally and in excess of statutory authority in considering certain medical pamphlets presented by the medical board to the commission to support the medical board's finding that the plaintiff's blood pressure and soft systolic murmur were evidence of hypertension or heart disease. The defendant medical board is required by General Statutes § 5-169 (c) to make a

finding of fact as to whether an applicant is eligible to receive retirement benefits, and to report that finding to the commission. The defendant medical board is composed of physicians, and it is obviously intended that they draw upon their knowledge and experience in making their medical determination. We find that the defendants did not act in disregard of this law defining their powers and did act in the honest exercise of their discretion. Further examination of the conclusion of the defendants on the issue of the significance of the blood pressure and murmur, on which issue the plaintiff had had the opportunity to present evidence to both defendants, would constitute a review of discretionary action. As stated above, such review is not proper in an action in the nature of mandamus.

We hold that the trial court was correct in rendering judgment denying a writ of mandamus.

There is no error.

In this opinion the other judges concurred.