LOUISETTE R. SHEA *v.* STATE EMPLOYEES' RETIREMENT COMMISSION ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued November 18, 1975—decision released April 20, 1976

*David J. Della-Bitta,* assistant attorney general, with whom, on the brief, were *Carl R. Ajello,* attorney general, and *Bernard F. McGovern,* assistant attorney general, for the appellants (defendants).

*Thomas B. Wilson,* for the appellee (plaintiff).

LONGO, J. The plaintiff, Louisette R. Shea, was employed by the state of Connecticut in 1952 and became a contributor to the state retirement fund. While performing her duties as a state employee, the plaintiff injured her back in September of 1959 and injured her arm in October of 1962. Because of these injuries, the plaintiff received workmen's compensation in lieu of her pay at various times from 1959 through 1965 and was granted several

leaves of absence without pay. One such leave, which began in November of 1965, was ended in February of 1967 when the plaintiff's employment by the state was terminated because she was still unable to return to work. The plaintiff made several applications for disability retirement benefits under General Statutes § 5-169 (b). The plaintiff applied in September of 1964, claiming she was disabled by the injury to her arm. A hearing was held before the state medical examining board, which found and reported to the state employees' retirement commission that there was no disability, and the commission subsequently denied the plaintiff's application for benefits. Reapplications were made by the plaintiff in December of 1964, when the board again found that there was no disability, and in May of 1965, when the board held a hearing and found that there was not sufficient evidence of disability and the commission declined to reopen the case. In January of 1966, the plaintiff made a new application for benefits, claiming she was disabled by the back injury which had occurred in 1959 as well as by the injury to her arm. The board determined that the plaintiff had shown no connection between the incident in 1959 and the back pain she was experiencing at the time of the application for benefits and that no new evidence of disability caused by the arm injury had been presented. The application was denied. The same result was reached after a hearing following another application by the plaintiff in May, 1967. In March of 1969, after she had again applied for benefits and appeared before the board, the board found that she was permanently disabled as a result of the injuries sustained in the performance of her duties as a state employee. On May 8, 1969, the commis-

sion approved the application for benefits effective May 1, 1969. The commission, however, subsequently revoked that action in June, 1969, and in July voted to inform the plaintiff's attorney that benefits could not be awarded because the commission had found that the plaintiff was not disabled while a member of the state employees' retirement system.

The plaintiff brought an action in the nature of mandamus to compel the defendants, the commission and the state comptroller and secretary of the commission, to approve her application and to pay disability retirement benefits to her. The court rendered judgment granting a writ of mandamus and the defendants have appealed to this court. The trial court concluded that the revocation by the commission of its approval of the plaintiff's application was illegal, and that it was the duty of the commission to report its approval of May 8, 1969, to the comptroller, who would then have a duty to order payment of the amounts which the plaintiff was entitled to receive.

Of the assignments of error made by the defendants, those which have not been briefed are considered to have been abandoned. See *First Connecticut Small Business Investment Co.* v. *Arba, Inc.*, 170 Conn. 168, 170, 365 A.2d 100. One of the paragraphs which the defendants claim is not supported by the evidence will not be stricken from the finding because the plaintiff has included in her brief an appendix showing evidence on which the finding can be based. *White Oak Excavators, Inc.* v. *Board of Tax Review*, 169 Conn. 253, 255, 363 A.2d 134. Other assignments of error are considered in the opinion, insofar as they are relevant to the issues which are dispositive of this appeal.

In considering applications for disability retirement benefits, a finding is made by a medical board composed of physicians.[1] That board is to make a medical determination of an applicant's eligibility for benefits and to report to the defendant commission. The defendant commission has the duty to administer the state employees' retirement system, and it approves or disapproves applications for retirement benefits.[2] An application which has been approved by the commission is forwarded to the state comptroller, who has the duty to see that payment of benefits is made. The commission's approval on May 8, 1969, of the plaintiff's application for benefits was an administrative act conferring a property right on the plaintiff. The subsequent revocation by the commission of its approval of the plaintiff's application was made without prior notice to the plaintiff and without affording her an opportunity for a hearing. We need only consider two issues: (1) whether the defendant commission has the power to reconsider and revoke its decisions

---

[1] "[General Statutes] Sec. 5-169. DISABILITY RETIREMENT. . . . (c) The governor shall appoint a board of seven physicians, each of whom is a state employee and two of whom shall be experienced in psychiatry, to serve at his pleasure as a medical examining board to determine whether each applicant for disability retirement is entitled thereto. Three of such members, one of whom shall be the elected chairman or the elected secretary of the board, shall constitute a quorum for the determination of any applicant's entitlement. The chairman or the secretary shall report the findings of the board to the retirement commission from time to time as requested by the commission as to the entitlement of each applicant or the continuance of disability of members so retired. The comptroller is authorized to pay for stenographic and professional services as requested and approved by the board."

[2] "[General Statutes] Sec. 5-155. RETIREMENT COMMISSION. . . . (d) The retirement commission shall administer this retirement system, the municipal employees' retirement system established by chapter 113, part II, and all other state retirement and pension plans except the teachers' retirement fund. . . ."

and (2) whether the commission has complied with requirements of procedural due process in the exercise of such power.

The rule that an administrative agency may not ordinarily review a decision and revoke action once duly taken "is a wholesome and salutary rule but is by no means inflexible." *Middlesex Theatre, Inc.* v. *Hickey,* 128 Conn. 20, 22, 20 A.2d 412, cited in *Cicala* v. *Administrator,* 161 Conn. 362, 369, 288 A.2d 66. " 'The need for an opportunity for correction of errors, change of mind, or obtaining more adequate factual grounds for a decision is no less present in the case of a decision of . . . [the administrative agency] than in the case of a judgment of a Court. The mere filing of a decision confers nothing in the nature of a vested right.' *Lyons* v. *Delaware Liquor Commission,* 44 Del. 304, 318, 58 A.2d 889," cited in *Cicala* v. *Administrator,* supra, 369–70. If the power to revoke and review decisions were unlimited, however, "there would be no finality to the proceeding [and] the result would be subject to change at the whim of members [of an agency] or due to the effect of influence exerted upon them, or other undesirable elements tending to uncertainty and impermanence." *Rommell* v. *Walsh,* 127 Conn. 272, 277, 16 A.2d 483. An administrative agency may be permitted to reverse itself "in correcting matters which were overlooked and were of slight materiality, but which were capable of speedy and practical correction . . . without prejudice to the rights of any one"; *People ex rel. Brennan* v. *Walsh,* 195 N.Y. Sup. 264, 266, cited in *St. Patrick's Church Corporation* v. *Daniels,* 113 Conn. 132, 138, 154 A. 343; or where there has been "a change in conditions or that other considerations materially affecting the merits of the subject

matter had intervened and no vested rights had arisen." *Mynyk* v. *Board of Zoning Appeals,* 151 Conn. 34, 37, 193 A.2d 519; see *Rocchi* v. *Zoning Board of Appeals,* 157 Conn. 106, 111, 248 A.2d 922, and *St. Patrick's Church Corporation* v. *Daniels,* supra. We conclude that although the exercise of the power to reverse a decision is subject to the foregoing recognized limitations, the defendant commission has the power to review its action taken on May 8, 1969, approving the plaintiff's application for benefits.

In the exercise of its power to open a decision, however, an administrative agency must comply with the requirements of procedural due process. Therefore, we next consider whether the plaintiff was denied her right to due process by the commission's revocation of its approval without giving her prior notice and an opportunity for a hearing.[3]

In implementing decisions of the Supreme Court of the United States, this court stated: "The concept of due process, when the government seeks to deprive a person of life, liberty or property, is that the thoroughness of the procedure by which the deprivation is effected must be balanced against the gravity of the potential loss and the interests at stake, and due process requires that the procedure involved must be appropriate to the nature of the case. See *Mullane* v. *Central Hanover Bank &*

---

[3] In an action in the nature of mandamus, the court has a limited scope of review of administrative agency action. See *Tremblay* v. *Connecticut State Employees' Retirement Commission,* 170 Conn. 410, 416, 365 A.2d 1125, and *Light* v. *Board of Education,* 170 Conn. 35, 37, 364 A.2d 229. Mandamus, however, does permit "broader review to protect constitutional rights," 2 Am. Jur. 2d, Administrative Law, § 626, and is available to review action taken if an agency has not fairly exercised its judgment in performing its function. *Hannifan* v. *Sachs,* 150 Conn. 162, 167, 187 A.2d 253.

*Trust Co.,* 339 U.S. 306, 313, 70 S. Ct. 652, 94 L. Ed. 865; *Anderson National Bank* v. *Luckett,* 321 U.S. 233, 246, 64 S. Ct. 599, 88 L. Ed. 692." *Hart Twin Volvo Corporation* v. *Commissioner of Motor Vehicles,* 165 Conn. 42, 45, 327 A.2d 588. The potential loss in this case is indeed grave. The plaintiff has been determined by the defendant commission to be permanently disabled from carrying out the duties of her employment. This case is analogous to those involving welfare benefits and welfare recipients for whom public assistance provides the means to obtain essential food, clothing, housing and medical care. See *Goldberg* v. *Kelly,* 397 U.S. 254, 90 S. Ct. 1011, 25 L. Ed. 2d 287. In this case, as in the welfare context, "[t]he stakes are simply too high . . . and the possibility for honest error or irritable misjudgment too great, to allow termination of aid without giving the recipient a chance, if he so desires, to be fully informed of the case against him so that he may contest its basis and produce evidence in rebuttal." *Kelly* v. *Wyman,* 294 F. Sup. 893, 904–905 (S.D. N.Y.), cited in *Goldberg* v. *Kelly,* supra, 266. We find that the commission's revocation of its approval of the plaintiff's application for benefits without notice or opportunity for a hearing was illegal and ineffective.

The defendant commission denied the plaintiff her right to procedural due process in failing to afford her notice and a hearing prior to its revocation of approval of her application for benefits. As the commission does have the power to reopen and review action taken, however, any relief by way of mandamus issued by the trial court should be limited to an order for a hearing before that commission to consider whether its action of May 8, 1969, should be revoked.

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.