## MARY RYBINSKI *v.* STATE EMPLOYEES'
## RETIREMENT COMMISSION

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued April 6—decision released September 13, 1977

*Edward T. Lynch, Jr.,* for the appellant (plaintiff).

*Richard J. Lynch,* assistant attorney general, with whom, on the brief, were *Carl R. Ajello,* attorney general, and *Bernard F. McGovern, Jr.,* assistant attorney general, for the appellee (defendant).

SPEZIALE, J. The defendant state employees' retirement commission denied the plaintiff her request to change retirement plans, and she sought judicial review of this decision through the appeal provisions of the Uniform Administrative Procedure Act (chapter 54 of the General Statutes, hereinafter referred to as the UAPA). The com-

mission filed a plea in abatement claiming that the plaintiff was not entitled to judicial review pursuant to the UAPA and that the Court of Common Pleas was without jurisdiction to hear the case. The plaintiff has appealed from the court's judgment sustaining the plea in abatement and dismissing the action.

"A plea in abatement is the proper pleading when 'the ground of abatement is want of jurisdiction and [the] facts . . . relied upon . . . do not appear in the record.' Practice Book § 93." *Kohn Display & Woodworking Co.* v. *Paragon Paint & Varnish Corporation,* 166 Conn. 446, 448, 352 A.2d 301; *East Side Civic Assn.* v. *Planning & Zoning Commission,* 161 Conn. 558, 560 n.1, 290 A.2d 348. Ordinarily, a finding is necessary to test the conclusions of the trial court reached on a plea in abatement. See *Leonard* v. *Zoning Board of Appeals,* 151 Conn. 646, 648, 201 A.2d 466. These conclusions must stand unless they are legally or logically inconsistent with the facts found or involve the application of some erroneous rule of law material to the case. *New Haven* v. *United Illuminating Co.,* 168 Conn. 478, 483, 362 A.2d 785; *Lonergan* v. *Connecticut Food Store, Inc.,* 168 Conn. 122, 124, 357 A.2d 910; *Johnston Jewels, Ltd.* v. *Leonard,* 156 Conn. 75, 79, 239 A.2d 500. The court found[1] that the plaintiff, Mary Rybinski, was an employee of the state of Connecticut and that the defendant commission was a state agency. The court further found that the commis-

---

[1] The plaintiff's assignments of error which have not been briefed are deemed abandoned and are not considered. *Shea* v. *State Employees' Retirement Commission,* 170 Conn. 610, 613, 368 A.2d 159. Furthermore, the assignment of error relating to the addition of certain facts which were stated in the draft finding and restated in the plaintiff's brief is not supported by the record, and no proper appendix has been provided which might substantiate the plaintiff's

sion denied the plaintiff's request to change retirement plans; that this decision was made as a matter of routine business at a regular commission meeting solely upon written correspondence between the parties; and that neither the plaintiff nor her counsel appeared before the commission. The court concluded that the proceeding at which the commission denied the plaintiff's request was not a hearing; that because a hearing was neither required by statute nor in fact held, the proceeding did not involve a contested case within the meaning of the UAPA; that the UAPA did not authorize an appeal; and that the court was without jurisdiction to hear the matter. The court further determined that the "plaintiff had made no additional claims of law." On appeal, the plaintiff claims that the UAPA did entitle her to judicial review of this matter and that the commission denied her procedural due process by reaching its decision without first having given her a full hearing.

I

The sole issue for our consideration is whether the plaintiff had access to the court through the appeal provisions of the UAPA entitling a party to judicial review of an agency's decision, because the plaintiff's claims relating to an alleged violation of her right to procedural due process are not properly before us. The record reveals that the plaintiff alleged that her appeal from the commission's deci-

claims. See Practice Book § 628L; *Manchester State Bank* v. *Reale,* 172 Conn. 520, 522, 375 A.2d 1009; *Lathrop* v. *Planning & Zoning Commission,* 164 Conn. 215, 217, 319 A.2d 376. There is no claim that these facts were admitted or undisputed. See *Tremblay* v. *Connecticut State Employees' Retirement Commission,* 170 Conn. 410, 412, 365 A.2d 1125. The finding is not subject to material correction.

sion to the Court of Common Pleas was "pursuant to the Uniform Administrative Procedure Act, [General Statutes] Sections 4-166 through 4-188, inclusive." The defendant commission filed a plea in abatement alleging, inter alia, that the UAPA was inapplicable and that the court lacked jurisdiction to entertain the appeal. The court sustained the plea. The only facts found by the court relate to the plea in abatement. They indicate only that the commission's decision concerned its denial of a requested change in retirement plans. The finding neither considers the merits of the request nor does it reveal the substance of what was requested. There are no facts for this court to consider for purposes of determining whether the plaintiff was unconstitutionally deprived of any vested property interest. This court cannot resort to matters extraneous to the formal record, to facts which have not been found and which are not admitted in the pleadings, or to documents or exhibits which are not part of the record. See *Gould* v. *Gould,* 164 Conn. 387, 389, 321 A.2d 443; *American Can Co.* v. *Orange Pulp Co.,* 149 Conn. 417, 418, 180 A.2d 628. The court's conclusions pertain only to the issue of the UAPA's applicability to the matter in question. According to the record properly before us, only this issue was presented and considered at the proceeding below. Practice Book § 614 specifically requires that the draft finding of the appealing party contain "the claims of law made in the trial court with the rulings of the court thereon . . . ." The plaintiff's draft finding contains no indication of any lower court rulings or its failure to rule on any constitutional claims presented for its consideration. Moreover, the plaintiff has not assigned as error the failure of the court

to rule on any claim of law made by her below, and there is, therefore, no assignment of error relating to any specific ruling by the court on a constitutional question. The court expressly found that no additional claims of law (other than the claims that the UAPA entitled the plaintiff to judicial review) had been made, and the plaintiff has not attacked this on appeal. The facts found by the lower court furnish the basis for determining the appeal. *Allison* v. *E. Paul Kovacs Co.,* 153 Conn. 519, 520, 218 A.2d 379; *Automobile Ins. Co.* v. *Conlon,* 153 Conn. 415, 421, 216 A.2d 828. "As we have repeatedly stated, this court will not consider claimed errors on the part of the trial court unless there has been a compliance with the provisions of § 652 of the Practice Book, that is, 'unless they are specifically assigned and unless it appears on the record that the question was distinctly raised at the trial and was ruled upon and decided by the court adversely to the appellant's claim, or that it arose subsequent to the trial.' See *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576, and cases cited." *State* v. *Uriano,* 165 Conn. 104, 106, 328 A.2d 679. It is this court's well-established general rule that "[o]nly in most exceptional circumstances can and will this court consider a claim, constitutional or otherwise, that has not been raised and decided in the trial court." *State* v. *Evans,* 165 Conn. 61, 69, 327 A.2d 576. In the present case the record does not indicate that the lower court had an opportunity to consider the due process claims. See, e.g., *Taylor* v. *Robinson,* 171 Conn. 691, 372 A.2d 102 (although the constitutional claims were not reviewed on appeal because presented in too abstract a form). Nor is the record one where the facts found by the lower court completely reveal the essence of the plaintiff's claims before the com-

mission, the commission's actions, and the reasons for the commission's decision. See, e.g., *Shea* v. *State Employees' Retirement Commission,* 170 Conn. 610, 368 A.2d 159. There is nothing to bring the present case within the exceptional circumstances noted in *State* v. *Evans,* supra.[2]

## II

We turn now to the real issue of this appeal, which is whether the UAPA entitled the plaintiff to judicial review of the commission's decision in this case. The UAPA "applies to all agencies and agency proceedings not expressly exempted." General Statutes § 4-185. The right to judicial review of an administrative decision through an appeal under the UAPA is governed by § 4-183 (a), which provides in pertinent part: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a *contested case* is entitled to judicial review under this chapter . . . ." (Emphasis added.) The plaintiff claims that the proceeding in which the commission denied her request to change retirement plans was a contested case to which the judicial review provisions of the UAPA applied. In determining the merits of this claim, we must consider (1) whether the state employees' retirement commission is a nonexempt "agency"; and (2), if so, whether the proceedings in question involved a "contested case." See *Taylor* v. *Robinson,* 171 Conn. 691, 695, 372 A.2d 102.

---

[2] The plaintiff is not without recourse to protect any claimed property interest from unconstitutional deprivation or impairment. See, e.g., *Shea* v. *State Employees' Retirement Commission,* 170 Conn. 610, 616, 368 A.2d 159; see also *Fishman* v. *Stamford,* 159 Conn. 116, 120, 267 A.2d 443, cert. denied, 399 U.S. 905, 90 S. Ct. 2197, 26 L. Ed. 2d 560; *Bahr Corporation* v. *O'Brion,* 146 Conn. 237, 246, 149 A.2d 691.

An "agency" is defined for purposes of the UAPA as "each state board, commission, department or officer . . . authorized by law to make regulations or to determine contested cases." § 4-166 (1). Although the plaintiff states in her brief that "the defendant would have the court believe that the [commission] is not a state 'agency' within the definition of the [UAPA]," this assertion is not accurate. On the contrary, the commission admitted in its pleadings, and the court found, that the commission is a state agency. We agree. "The legislature has delegated to the defendant commission the broad and general power to administer the state retirement system." *Tremblay* v. *Connecticut State Employees' Retirement Commission,* 170 Conn. 410, 413, 365 A.2d 1125. The commission approves or disapproves applications for retirement benefits, and approval of an application for benefits is "an administrative act conferring a property right on the [applicant]." *Shea* v. *State Employees' Retirement Commission,* 170 Conn. 610, 614, 368 A.2d 159. The legislature has further provided that the commission "shall act as agent for the state in all matters relating to the social security agreement. The retirement commission may make regulations as to maintaining membership under social security." General Statutes § 5-155 (e).[3] The parties and the court were correct in assuming that the commission was a state "agency" for purposes of the UAPA. See *Murphy* v. *Berlin Board of Education,* 167 Conn. 368, 372–73, 355 A.2d 265.

---

[3] Section 5-155 (d) provides: "RETIREMENT COMMISSION. . . . (d) The retirement commission shall administer this retirement system, the municipal employees' retirement system established by chapter 113, part. II, and all other state retirement and pension plans except the teachers' retirement fund. . . ."

We next consider whether the commission's denial of the requested change in retirement plans involved a "contested case." See *Taylor* v. *Robinson,* 171 Conn. 691, 696, 372 A.2d 102. This was really the only question before the court on the plea in abatement. A "contested case" is defined as "a proceeding . . . in which the legal rights, duties or privileges of a party are *required by statute* to be determined by an agency after an *opportunity for hearing* or in which a hearing is *in fact* held . . . ." (Emphasis added.) § 4-166 (2). The plaintiff argues that she had a "legal right" to change retirement plans, and that the commission determined this right at its meeting. Even if this were so,[4] the plaintiff still cannot prevail unless she can show one of two alternatives: (1) that it was the type of "proceeding" where there is a *statutory requirement* that the legal right involved be determined after an *opportunity for a hearing,* or (2) that a hearing has *in fact* been held. § 4-166 (2). We hold that she has failed to meet an essential criterion for classification as a "contested case"; therefore, the UAPA's judicial review provision does not apply. § 4-183 (a); see *Taylor* v. *Robinson,* supra, 697.

A "hearing" has been defined as a "[p]roceeding of relative formality, generally public, with definite issues of fact and of law to be tried, in which parties proceeded against have a right to be heard, and is much the same as a trial and may terminate in final order." Black's Law Dictionary (4th Ed. Rev.), p. 852. A hearing can be a proceeding in the nature of a trial with the presentation of evidence, it can be

[4] For purposes of this decision, we need not decide whether the commission's meeting involved a determination of a legal right belonging to the plaintiff, within the scope of § 4-166 (a). Moreover, as previously noted, the record before us would not enable us to make such a decision properly.

merely for the purpose of presenting arguments, or, of course, it can be a combination of the two. See Davis, Administrative Law Text (3d Ed.) § 7.01; see, generally, 2 Am. Jur. 2d, "Administrative Law," §§ 413–426. Not only does a hearing normally connote an adversarial setting, but usually it can be said that it is "any *oral* proceeding before a tribunal." (Emphasis added.) Davis, op. cit., p. 157. Our cases consistently recognize the generally adversarial nature of a proceeding considered a "hearing," in which witnesses are heard and testimony is taken. See, e.g., *Lawrence* v. *Kozlowski,* 171 Conn. 705, 708, 372 A.2d 110 (testimony and exhibits presented at departmental hearing); *State* v. *White,* 169 Conn. 223, 229, 363 A.2d 143 (preliminary hearing for revocation of probation, defendant's personal appearance, testimony of witnesses); *Armstrong* v. *Zoning Board of Appeals,* 158 Conn. 158, 163, 257 A.2d 799 (public hearing, zoning commission heard evidence and arguments); *Kleinsmith* v. *Planning & Zoning Commission,* 157 Conn. 303, 311, 254 A.2d 486 (hearing to permit interested persons "to express their views"). Clearly, the legislature also contemplated that, for purposes of the UAPA, a "hearing" would be a proceeding of this nature. For example, in providing that in a contested case all parties shall be afforded an opportunity for a "hearing," the UAPA further specifies that "[o]pportunity shall be afforded all parties to *respond* and present *evidence* and *argument* on all issues involved. . . ." (emphasis added), § 4-177 (c); and that the "record in a contested case shall include: (1) All pleadings, motions and intermediate rulings; (2) evidence received or considered; (3) questions and offers of proof, objections and rulings thereon; (4) any decision, opinion or report by the officer presiding at the hearing. . . ." § 4-177 (e).

No "opportunity for hearing" was required by statute. There is nothing in the State Employees' Retirement Act (chapter 66 of the General Statutes) which obliges the commission to provide an opportunity for a hearing, although the commission may hold a hearing if it sees fit.[5] Thus this case is clearly distinguishable from ones previously considered by this court in which an agency was expressly required by statute to provide a hearing before determining the right or privilege in question, and in which we held that the UAPA provisions concerning contested cases did apply. See *Murphy v. Berlin Board of Education*, 167 Conn. 368, 373, 355 A.2d 265, and *McDermott v. Commissioner of Children & Youth Services*, 168 Conn. 435, 439, 363 A.2d 103, both involving hearings which were statutorily required to be held before the dismissal of a tenured teacher. General Statutes §§ 10-151 (b), 5-242.

Not only was there no statutory requirement that "an opportunity for hearing" be provided, but, as the lower court reasonably concluded from the facts, no hearing was "in fact held" by the commission. § 4-166 (2). The commission's decision concerning

---

[5] The most popular definition of a contested case in other states' statutes is broader than Connecticut's, and refers to a contested case as one wherein legal rights, duties, or privileges are required by "law" or "constitutional right" to be determined after an opportunity for an agency hearing. 1 Cooper, State Administrative Law, p. 120. The Connecticut provision contained the language "required by law" until it was amended and the current wording "required by statute" was substituted. Public Acts 1973, No. 73-620, § 2. Where the definition of a "contested case" has thus been limited, the question is raised "whether, in cases where a statute makes no specific reference to a hearing, but a hearing is required constitutionally, the case would be deemed a contested case." Cooper, op. cit., p. 121; see *Wong Yang Sung v. McGrath*, 339 U.S. 33, 70 S. Ct. 445, 94 L. Ed. 616. This question is not now before us because of the limited record and issues in the present case, discussed previously.

the requested change of retirement plans was made at one of its regular meetings as a matter of routine business solely upon written correspondence between the parties. The plaintiff did not appear before the defendant, nor did her counsel. The proceeding lacked the characteristic elements of a "hearing" for purposes of qualifying as a contested case within the purview of the UAPA. Compare *Taylor* v. *Robinson,* 171 Conn. 691, 372 A.2d 102, where we held (p. 697) that "[a] parole release hearing obviously qualifies as a proceeding 'in which a hearing is in fact held.'" In the present case, a "hearing" had not in fact taken place under any reasonable definition of such a proceeding.

Appeals to the courts from the decisions of administrative officers or boards exist only under statutory authority. *Schwartz* v. *Hamden,* 168 Conn. 8, 10, 357 A.2d 488; *Nader* v. *Altermatt,* 166 Conn. 43, 53, 347 A.2d 89. Without statutory authorization, therefore, a court lacks jurisdiction to entertain such an appeal. See, e.g., *Tazza* v. *Planning & Zoning Commission,* 164 Conn. 187, 190, 319 A.2d 393; *East Side Civic Assn.* v. *Planning & Zoning Commission,* 161 Conn. 558, 560, 290 A.2d 348. Moreover, there is ordinarily no constitutional right to judicial review of administrative action. As this court has stated: "The right of appeal exists only under statute . . . and parties have no vested right thereto. . . . So far as the fourteenth amendment to the constitution of the United States is concerned, it suffices for due process that 'the law shall not be unreasonable, arbitrary or capricious.' *Nebbia* v. *New York,* 291 U.S. 502, 525, 54 S. Ct. 505, 78 L. Ed. 940. It is not essential to the constitutionality of a statute which authorizes an administrative board to make orders . . . that it contain a provision for an

appeal, in the technical sense, from the board's action. If any person claims to be harmed by such an order, his constitutional right to due process is protected by his privilege to apply to a court." *State v. Vachon,* 140 Conn. 478, 485–86, 101 A.2d 509; see *Rocky Hill Convalescent Hospital, Inc.* v. *Metropolitan District,* 160 Conn. 446, 454–57, 280 A.2d 344.

We agree with the lower court's conclusion that the plaintiff had not established that the commission's proceeding involved a "contested case" and, therefore, the UAPA judicial review provisions did not entitle the plaintiff to an appeal. Because there was no other statutory authorization for an appeal to the court from the commission's decision, the plea in abatement was correctly sustained.

There is no error.

In this opinion the other judges concurred.