## JAMES E. BAKER *v.* BOARD OF FIREARMS PERMIT EXAMINERS OF THE STATE OF CONNECTICUT

| SUPERIOR COURT | JUDICIAL DISTRICT OF NEW HAVEN | FILE No. 201084 |

Memorandum filed March 15, 1984

*Victor P. Fasano,* for the plaintiff.

*Frank Rogers,* assistant attorney general, for the defendant.

DRUTMAN, J. This appeal is based upon the refusal of the defendant board of firearms permit examiners (board) to grant the plaintiff a hearing.

The facts are not in dispute. Prior to November 12, 1981, the plaintiff was the holder of both a city permit and a state permit to carry a pistol. By letter dated November 12, 1981, the chief of police of the city of New Haven notified the plaintiff that his city permit was revoked "as a result of determination of your suitability to have a pistol permit." Thereafter, on December 2, 1981, the state police commissioner notified the plaintiff by letter that his state permit was revoked due to his "arrest and recent conviction for a crime classified as a felony." After each letter, the plaintiff by his attorney wrote to the defendant board for a review of each revocation decision. In each instance, the board replied to the plaintiff by letter stating: "Section 29-29 of the Connecticut General Statutes provides that no permit shall be issued if the appellant has ever been convicted of a felony. The Board has no discretion relative to the provisions of Section 29-29 and, therefore, we cannot hear Mr. Baker's appeal."

General Statutes § 29-32b establishes the defendant board and sets forth the procedure to be followed by both the appellant and the defendant board in the event of an appeal. Subsection (c) of that section reads as follows: "Any person aggrieved by the action of an issuing authority may file with the board a clear and concise statement of the facts on which he relies for relief, and shall state the relief sought by the appellant. The receipt by the board of the appellant's statement shall initiate the appeals process, and no appeal may be rejected for mere lack of formality. The board shall, within ten days next following receipt of the appeal, set a time and place at which the appeal shall be heard."

Subsection (d) of § 29-32b deals with hearings by the board: "The board shall hold hearings at such times and places as it in its discretion reasonably determines to be required, but not less than once every ninety days,

and shall give reasonable notice of the time and place of the hearing to the appellant and to the issuing authority."

For purposes of this appeal, it becomes necessary to consider the legal meaning of the word "hearing." The words used in a statute are to be construed according to their commonly approved usage. Statutory language is to be given its plain and ordinary meaning. *Greenwich* v. *Connecticut Transportation Authority*, 166 Conn. 337, 342, 348 A.2d 596 (1974). Black's Law Dictionary (4th Ed. Rev.) defines hearing as a "proceeding of relative formality, generally public, with definite issues of fact and of law to be tried, in which parties proceeded against have a right to be heard, and is much the same as a trial and may be terminated in final order." *Rybinski* v. *State Employees' Retirement Commission*, 173 Conn. 462, 469–70, 378 A.2d 547 (1977), states the following: "A hearing can be a proceeding in the nature of a trial with the presentation of evidence, it can be merely for the purpose of presenting arguments, or, of course, it can be a combination of the two. . . . Not only does a hearing normally connote an adversarial setting, but usually it can be said that it is 'any *oral* proceeding before a tribunal.' . . . Our cases consistently recognize the generally adversarial nature of a proceeding considered a 'hearing,' in which witnesses are heard and testimony is taken." It is clear that § 29-32b requires that the defendant board afford the plaintiff the opportunity to come before it and to present his case.

The plaintiff's position is further bolstered by the standards of procedure set forth in the Uniform Administrative Procedure Act (UAPA). Section 4-166 (2) of the UAPA reads as follows: " 'Contested case' means a proceeding, including but not restricted to rate-making, price fixing and licensing, in which the legal rights, duties or privileges of a party are required

by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held."

It is clear that the present case falls within the classification of a contested case. The plaintiff was the holder of two duly issued gun permits. By letter from the chief of police of the city of New Haven the plaintiff was informed that his city permit was revoked "as a result of a determination of your suitability to have a pistol permit." In response to this letter, the plaintiff wrote to the defendant board "for review of this decision, which is, on its face, erroneous because no reasons or standards are therein set forth."

The permit revocation letter from the state police commissioner referred to the plaintiff's "arrest and recent conviction for a crime classified as a felony." On this occasion, the plaintiff wrote to the defendant board "for review of this decision, which is unjust, arbitrary and unreasonable, and without foundation in statutory authority."

The general adversarial nature of these proceedings is apparent. The plaintiff was endeavoring to contest the actions of the issuing authorities in revoking his gun permits. This being a contested case within the meaning of the UAPA, a hearing was required. Accordingly, in addition to violating the hearing requirement set forth in § 29-32b, the board is also in violation of the hearing provision mandated in § 4-166 (2) of the UAPA.

The plaintiff in his brief requests that the court reinstate the plaintiff's pistol permits. This the court cannot do. The sole function of the court in this appeal is to determine whether the defendant board acted illegally in refusing to grant the plaintiff a hearing. Moreover, in an administrative appeal, a court may not perform administrative or nonjudicial functions, but must

merely review the administrative proceedings to determine whether the challenged action was legal. *Connecticut Television, Inc.* v. *Public Utilities Commission,* 159 Conn. 317, 329, 269 A.2d 276 (1970).

In refusing to grant the plaintiff a hearing, the defendant board acted arbitrarily and in abuse of its discretion; accordingly, the plaintiff's appeal is sustained.