Plaintiff, Joseph W. Duffy, appeals a decision of the defendant State Employees Retirement Commission, Office of the State Comptroller (Commission), which denied plaintiff's claim for certain out-of-state service benefits in accordance with its interpretation of General Statutes 5-177. Central Connecticut State University (University) is also named as a defendant. The plaintiff brings this appeal pursuant to General Statutes4-183 (Rev'd 1991). The defendants move to dismiss on the basis that the plaintiff has no statutory right to appeal in this case. The court finds the issues in favor of the plaintiff.
The plaintiff was hired by the University on September 1, 1965 and elected membership in the Teachers Retirement System. On May 7, 1966, the plaintiff transferred to the State Employees Retirement System (SERS) and purchased retirement credit for his prior out-of-state teaching service from September 1, 1949 to September 1, 1954 (five years) and for undefined service from September 1, 1955 to August 31, 1965 (ten years). Plaintiff claims that in 1986, he also purchased additional retirement credit for out-of-state teaching from September 1, 1958 to August 31, 1965 (seven years). He also claims that his purchases were approved.
Upon the plaintiff's retirement on January 1, 1989, the Commission began paying a retirement benefit which, in accordance with the usual practice, was at an estimated level and subject to final audit and correction. On March 16, 1990, the Commission notified the plaintiff that the audit was completed and that his retirement benefit was being reduced. The stated reason for the reduction was that the plaintiff's benefit had been erroneously calculated on the basis of fifteen years of out-of-state teaching credit, which is in excess of the ten-year limitation provided in General Statutes 5-177.
In accordance with General Statutes 5-155a(k), the plaintiff requested the Commission to "review and reconsider" its decision to reduce his benefit. The Commission thereupon held a hearing on the plaintiff's claim on August 20, 1990, at which time plaintiff appeared and presented evidence. On June 20, 1991, the Commission issued a "Final Decision" in which it made "findings of fact, conclusions of law, and decision", and denied the plaintiff's claim. In that decision, the Commission stated that the August 20, 1990 hearing was held "under the Uniform Administrative Procedure Act (UAPA)." In its letter to the plaintiff transmitting the decision, the Commission stated, "In accordance with Connecticut General Statutes, Section 4-183, you may appeal the Commission's Final Decision to Superior Court within forty-five days after its mailing."
The basis of the defendant Commission's motion to dismiss is that the case does not meet the jurisdictional requirements of the UAPA, General Statutes 4-166 et seq. Section 4-183 limits appeals to this court to "final decisions." Section 4-166 (3) defines "final decision", in relevant part, as "the agency determination in a contested case." Subsection (2) of section 4-166 provides, in relevant part, as follows:
 "Contested case" means a proceeding . . . in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held . . . .
The Commission argues that the present case is not a "contested case" within the hearing of section 4-166 because there was no statutory right to a hearing on the plaintiffs claim and because "a gratuitous hearing does not qualify" under the statute, citing Herman v. Division of Special Revenue, 193 Conn. 379, 383, 386
(1984) and All Brand Importers, Inc. v. Dept. of Liquor Control,213 Conn. 184 (1989). The Commission also notes that in Rybinski v. State Employees Retirement Commission, 173 Conn. 462
(1977), the court held that the Commission was not statutorily obligated to hold a hearing in a case similar to the present one. The Commission's arguments cannot be sustained in this case.
The statutory framework in which the Commission reviewed and determined the plaintiff's claim is found in General Statutes5-155a(g), (j), and (v). These provide, in relevant part, as follows:
 (g) Hearings. The commission may hold hearings when deemed necessary in the performance if [sic] its duty . . . .
 (j) Claims Procedure. Any claim for a pension or any other benefit which may become available in accordance with the provisions of this chapter may be submitted to the commission provided it is submitted in writing. Any such claim will be reviewed and decided by the commission . . . .
 (k) Claims review and appeal procedure. If any claim is denied, a claimant may request that the decision be reviewed and reconsidered by the commission. Thereafter, any contested case shall be decided in accordance with chapter 54.
There is no dispute that the Commission is required by section 5-155a(j) to determine the plaintiff's pension benefits. Thus, it is required by statute to determine the plaintiff's legal rights and privileges within the meaning of section 4-166 (2). It is also undisputed that in this case the agency made such a determination "after an opportunity for hearing or in which a hearing [was] in fact held." The Commission itself characterized the August 20, 1990 proceeding as a "hearing under the Uniform Administrative Procedure Act (UAPA)." Final Decision, June 20, 1991. The Commission argues, however, that the Herman case, supra, adds to section 4-166 (2) the requirement that the hearing not be "gratuitous" but rather that there be a specific statutory mandate for a hearing. In this case, the Commission argues, there is no statutory requirement for a hearing but rather only a discretionary procedure under section 5-155a(g).
The Commission's reliance on the Herman case, supra, is misplaced. In that case, the state division of special revenue conducted a hearing on plaintiff Herman's request to be reinstated as a patron of the Milford Jai Alai Fronton after having been ejected by the management. The court held that the case was not a "contested case" because the division of special revenue had no duty to determine whether an ejected patron should be reinstated or not. The agency was not "statutorily required to determine the eligibility for reinstatement of an ejected patron. Therefore, the proceeding, lacking the essential element of a `right to be heard', remained gratuitous and did not qualify as a `hearing in fact held.'" In the present case, however, the defendant Commission is statutorily required to determine the plaintiffs pension benefits. The hearing that in fact was held, therefore, was critically different from that which was held in the Herman case. In this case, unlike the Herman case, the hearing was held in connection with the statutory duty of the agency to determine the plaintiffs legal rights. It qualified, therefore, as a hearing "in fact held" under section 4-166 (2). The decision in All Brand Importers, Inc. v. Department of Liquor Control, supra, 212-214, is not in conflict. There, the court simply held that the agency had no duty to approve a merger of two liquor distributors and, consequently, the plaintiff, which was not a party to the merger, had no right to be heard by the agency prior to the merger.
The court also disagrees with the Commission's argument that it was not statutorily required to hold a hearing in this case. The Commission relies on Rybinski v. State Employees' Retirement Commission, supra. In that case, however, the court specifically found that, unlike the present case, no hearing was in fact held. Furthermore, the Rybinski case was decided in 1977, before the enactment of section 5-155a(k). It was added to the claims procedure statutes by Public Act 83-533 in 1983. Although the language of that statute is somewhat imprecise, the most reasonable interpretation is that a claimant is entitled to a hearing, in accordance with applicable UAPA provisions, upon request, after a denial of retirement benefits. No other interpretation has been suggested by the Commission. Rather, in its letter to the plaintiff of May 29, 1990, informing him of the reduction in his benefits, the Commission stated, "You have the right to request that the Commission review and reconsider its decision through a formal hearing under the Uniform Administrative Procedure Act (UAPA)." (Emphasis added). And then, of course, it held the hearing.
In summary, the court holds that this is a contested case because the Commission was statutorily required to determine the plaintiff's legal rights to retirement benefits, that it was required by statute to provide him an opportunity for a hearing, and that a hearing was in fact held.
For all of the foregoing reasons, the defendant Commission's motion to dismiss is denied.
MALONEY, JUDGE.