[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS CT Page 11057
The plaintiff appeals the actions of the defendant Department of Health Services (Department) and its commissioner, Susan S. Addiss, in refusing to grant him certification as an independent social worker pursuant to General Statutes19a-14(c)(8) and in refusing to issue a declaratory ruling, pursuant to General Statutes 4-176, that he is entitled to such certification. The defendants' action were based on General Statutes 19a-14(a)(6)(B). The plaintiff appeals pursuant to the provisions of the Uniform Administrative Procedure Act (UAPA), General Statutes 4-166 et seq.
The defendants advance two bases for their motion to dismiss: first, that the actions of the defendants do not constitute "final decisions" within the meaning of UAPA; and second, that the plaintiff's appeal was not timely filed. The court agrees with the defendants.
The right to appeal to this court from an action of an administrative agency exists only by statute and strict compliance with the statutory procedure is required. Citizens Against Pollution Northwest, Inc. v. Connecticut Siting Council, 217 Conn. 143,152 (1991). General Statutes 19a-22 provides that a "practitioner aggrieved by any decision or order (of these defendants) may appeal therefrom in accordance with the provisions of section 4-183
(of the UAPA)." Section 4-183 provides that a person may appeal "a final decision." As used in the UAPA, "final decision" is defined as "the agency determination in a contested case". The term "contested case means a proceeding . . . in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for a hearing or in which a hearing is in fact held, but does not include proceedings on a petition for a declaratory ruling under section 4-176. . . ." General Statutes 4-166(2) and (3).
In the present case, the applicable statutes do not afford the plaintiff an opportunity for a hearing on his application for certification nor on the Department's decision to deny his application. Furthermore, no hearing in fact was held. Under these circumstances, the plaintiff does not have a right to appeal under the UAPA because the case is not a "contested case" as that term is defined in section 4-166 and the commissioner's action was not a "final decision" as that term is used in section 4-183. Rybinski v. State Employees' Retirement Commission, 173 Conn. 462, 469
CT Page 11058 (1977). See also Moon Hee Yoo v. Addiss, No CV 91-0397455 S (Superior Court, Hartford J.D., June 2, 1992, Aurigemma, J.).
The plaintiff also does not have a statutory right to appeal the commissioner's decision to refuse to issue a declaratory ruling concerning his application for certification. See General Statutes4-166(2), which provides that such a decision does not create a "contested case" for appeal under the UAPA. See also General Statutes 4-175, which provides that the appropriate remedy for a petitioner who has been denied a declaratory ruling by an agency is to seek a declaratory judgment in the superior court.
Finally, the appeal in this case must be dismissed in any event because it was not timely filed. The commissioner's decision to deny the plaintiff's application for certification was transmitted to the plaintiff by letter dated December 10, 1991, and the decision to decline to issue a declaratory ruling was transmitted to the plaintiff by letter dated April 20, 1992. This appeal was filed in this court on June 9, 1992. That was the one hundred eighty-second day and the fifth day after these decisions, respectively. General Statutes 4-183 (Rev'd 1991) requires that appeals be filed in court within forty-five days after the mailing of the agency decision. Failure to comply with deadline is a jurisdictional defect which cannot be cured or waived. Norwich Land Co. v. Public Utilities Commission, 170 Conn. 1, 6 (1975).
For all of the above reasons, the defendants' motion to dismiss is granted.