[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By Complaint dated June 10, 1996, plaintiff, Devcon-Torrington, LLC ("Devcon") has appealed from the decision of the Water Pollution Control Authority of the City of Torrington ("Authority") which confirmed the decision of the Public Works Director of the City of Torrington establishing a sewer connection fee for Devcon's Torrington Fair Shopping Center site. The appeal is an administrative appeal brought pursuant to Section 7-255 of the Connecticut General Statutes and the City Sewer Ordinance challenging the amount of the fee, the appropriateness of the criteria utilized by the Authority in setting the fee as well as the administrative procedure by which the fee was established.
The plaintiff Devcon is a limited liability company registered in Connecticut with an office at 609 Farmington Avenue, Hartford, Connecticut 06105. Devcon received development approval in 1994 from the City of Torrington for construction of a 200,000 square foot shopping center in Torrington to be known as "Torrington Fair."
The defendant Authority is the water pollution control authority for the City of Torrington and exercises the powers and duties given to water pollution control authorities under Chapter 103 of the Connecticut General Statutes. On July 16, 1990, the Board of Councilmen of the City of Torrington adopted a sewer ordinance entitled "Sewers Chapter 170" and included Article II "Sewer Use" governing the method for computing sewer connection charges. Devcon was developing a 200,000 square foot shopping center located in Torrington, which was to be connected to the City's sanitary sewer system. As part of the development process, Devcon submitted a "Site Narrative" which determined that the proposed development would generate a sewage flow of approximately 23,300 gallons of flow per day. Record Item 5.
Based upon that data provided by Devcon, the sewer connection fee was calculated to be $327,096.15 using the Department of Environmental Protection (DEP) data. The proposed fee was communicated to Devcon through its attorney on February 5, 1996 CT Page 1364 by a letter from Joseph Cosentino. At that time Mr. Cosentino, the City Engineer, was also the acting Public Works Director, who is charged with calculating sewer connection charges. Record Item1.
Devcon, thereafter submitted data to the WPCA indicating that it thought the sewer connection fee should be $92,471.24. RecordItem 2. The WPCA notified Devcon that its calculation of the connection fee would remain at $327,096.15. Devcon then took an appeal to the WPCA by letter dated May 16, 1996, Record Item 3,
requesting that the appeal be heard by the WPCA on May 20, 1996. The Authority did not hold a public hearing on the appeal petition. See Plaintiff's Complaint, paragraph 15 and Defendant's Answer admitting same.
In its brief, Devcon raises three issues: (1) that it is aggrieved by the decision of the WPCA; (2) that the WPCA incorrectly interpreted the Ordinance by utilizing general DEP data when actual plan data was provided; and (3) that the failure to hold a public hearing renders the WPCA's determination of the connection fee invalid.
In its complaint, Devcon raised numerous other issues which it has not briefed. As those issues have not been briefed, they should be considered abandoned. Maher v.. Griffin Hospital,207 Conn. 125 (1988); Hartford National Bank Trust Co. v. Tucker,178 Conn. 472 (1979), cert. denied 445 U.S. 904 (1980).
The Authority voted on May 20, 1996 to affirm the decision of the Director of Public Works establishing a connection fee of $327,096.15 and declined to provide the opportunity to pay said fee in installment payments over time, with interest. No copy of the decision on the connection fee charge was filed with the clerk of the municipality either before or after the Authority's action, nor was notice of the decision published in the newspaper or provided to Devcon setting forth the manner of payment and appeal deadline. See Defendants' Answer admitting Counts 15-17 of Plaintiff's Complaint.
Devcon is aggrieved by the decision of the Authority to use generic DEP data rather than actual flow data as allowed under Section 170-13G of the Ordinance in computing the sewer connection fee for Torrington Fair, which decision more than tripled the sewer connection fee. Section 7-245 of the Connecticut General Statutes provides in part that "any person CT Page 1365 aggrieved by any charge . . . for the use of a sewerage system may appeal to the superior court," and that the judgment of the court shall be final. In order to have standing to bring an administrative appeal, the appellant must be aggrievedConnecticut Business Industries Assoc., Inc. v. Commission onHospitals and Health Care, 214 Conn. 726-729; Beckish v.Manafort, 175 Conn. 415, 419; Downey v. Retirement Board,22 Conn. App. 172, 176.
There is a two part test for aggrievement: (1) the party claiming aggrievement must show a specific, personal and legal interest in the subject matter of the decision as distinguished from a general interest, such as is the concern of all the members of the community as a whole; and (2) the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision. Connecticut Business AdministrationAssoc., Inc. v. Commission on Hospitals and Health Care, supra 730; Bakelaar v. West Haven, 193 Conn. 59, 65. Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest has been adversely affected. Hall v. Planning Commission, 181 Conn. 442,445.
The sewer connection fee imposed was specifically applied to Devcon's Torrington Fair property and is therefore distinguished from a matter of general interest. For the shopping center development to go forward, Devcon was required to pay the fee. For those reasons and because the difference in the sewer connection fee between the fee affirmed by he Authority and the fee computed by Devcon in accordance with the sewer connection fee schedule is $234,624.81, Devcon's specific interest has been specially and injuriously affected by the decision. Devcon is clearly aggrieved.
The claim of the Authority that Devcon is not aggrieved because it did not directly pay the fee but that it was paid by checks from Wal-Mart and Konover Construction Co. is without merit. Counsel concedes that the obligation rested with Devcon and additionally it advanced funds to Konover to make the payment.
While Devcon has raised three grounds for sustaining its appeal, the claim that no public hearing was held is dispositive. CT Page 1366
Both the ordinance at Section 170-18 and Connecticut General Statute Section 7-255 by which the Authority derives its power to determine sewer connection fees, mandate that a public hearing be held by the Authority when setting such a fee. The Authority's answer has admitted that a public hearing was not held. See Defendants' Answer, admitting paragraph 15 of Devcon's complaint. To levy a substantial charge without notice and a hearing is a taking of property without just compensation and without due process of law in violation of §§ 8 and 11 of article first of the Connecticut Constitution and the fifth andfourteenth amendments to the Constitution of the United States. As no public hearing was held, the connection charge paid by the plaintiff was improperly levied.
Section 7-255 of the General Statutes specifically mandates that a public hearing be held. It provides in part:
 . . . . No charge for connection with or for the use of a sewerage system shall be established or revised until after a public hearing before the water pollution control authority at which the owner of property against which the charges are to be levied shall have an opportunity to be heard concerning the proposed charges. . . .
The statute is clear and unambiguous leaving no room for construction. Leib v. Board of Examiners for Nursing,172 Conn. 78, 88. The fact that the local ordinance[1] requires only the holding of a hearing without the word public is of no moment. The statute sets forth a clear mandate of a public hearing. As stated in In Re Juvenile Appeal (85-AB), 195 Conn. 303 at 324:
 A "hearing" has been defined as a "[p]roceeding of relative formality (though generally less formal than a trial), generally public, with definite issues of fact or of law to be tried, in which witnesses are heard and parties proceeded against have right to be heard, and is much the same as a trial and may terminate in a final order." Black's Law Dictionary (5th Ed.) p. 649. "Our cases consistently recognize the generally adversarial nature of a proceeding considered a `hearing,' in which witnesses are heard and CT Page 1367 testimony is taken." Rybinski v. State Employees' Retirement Commission, 173 Conn. 462, 470, 378 A.2d 547 (1977).
A reasonable interpretation of the Torrington ordinance would require a public hearing as mandated by statute. Since it was not done in this case, the appeal must be sustained.
The appeal is sustained and the matter is remanded to the Authority to conduct a public hearing and determine the legal sewer fees owing in accordance with law.
Hon. WALTER M. PICKETT, JR. State Judge Referee