[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, Robert D. Wannagot (Wannagot or Plaintiff) brought this action against defendants Town of Darien and the Darien Police Commission (Commission) seeking to reverse the Commission's decision denying him a disability pension.
In a pleading entitled Stipulation of Facts and dated May 30, 1989, the parties stipulated to the following facts: (1) Wannagot was hired as a patrolman by the Darien Police Department on August 5, 1974; (2) Wannagot was promoted to sergeant on October 9, 1980; (3) Wannagot on occasion was paid as a lieutenant but was never formerly promoted to that position; (4) Wannagot sustained a self-inflicted gun shot wound at his apartment in Milford, Connecticut on April 17, 1985; (5) Wannagot was placed on sick leave with full pay as of the date of the gun shot wound: (6) On March 18, 1987, Wannagot applied for a service related disability pension pursuant to 38-158 (a)(4) of the Darien Code and Article IX of the collective bargaining agreement; (7) Evidentiary hearings on Wannagot's application were conducted before the Commission (8) Wannagot and the defendants filed briefs in support and opposition to the application; (9) The Commission denied the application in a written decision dated June 4, 1987.
In response to the Commission's decision, Wannagot filed the instant action with the court. In his amended complaint Wannagot alleges that the decision of the Commission was:
 a. Unreasonable, arbitrary, capricious, in violation of the applicable standard of proof, and not supported by the evidence induced at the hearing;
 b. In derogation of his constitutional right to due process of law as guaranteed by the Fourteenth Amendment of the United States Constitution and Article One Section Ten of the Connecticut Constitution, in that the decision deprived him of his property right to a disability pension for reasons insufficient in both law and fact;
 c. Violative of Article IX of the collective bargaining agreement between the Town of Darien and the Darien Police Association.
In its memorandum of decision dated June 8, 1990, the Court (Ryan, J.) denied defendant's motion to dismiss this CT Page 4222 action for lack of subject matter jurisdiction. The court "found that although the court would have no subject matter jurisdiction over the plaintiff's "administrative appeal" claims standing alone, the court has subject matter jurisdiction over the constitutional and breach of contract claim." Wannagot v. Darien, D.N. 088981, J.D. of Stamford/Norwalk at Stamford, Memorandum of Decision on Motion to Dismiss, June 8, 1990, Ryan, J.
On December 7, 1990 oral argument was heard on the merits of this action and the parties represented that the court should rely on the memoranda previously submitted. These memoranda are as follows: (1) Plaintiff's memorandum dated September 21, 1989; (2) Defendants' memorandum dated December 27, 1989(3) Plaintiff's reply memorandum dated March 30, 1990, and (4) Defendants' reply brief dated April 5, 1990.
Plaintiff argues that he is entitled to a full disability pension pursuant to the Darien Code, Article II, 38-158 (a)(4) as a result of the psychological injury he sustained in the course of his duties as a Darien police officer. Plaintiff argues that, "Plaintiff's due process rights under the federal and state constitutions were denied when the Commission failed to employ the proper evidentiary standard on the issue of causation in determining the plaintiff's application." (Plaintiff's Reply Memorandum of Law dated March 30, 1990 at 3). Plaintiff submits that the proper evidentiary standard is the traditional concept of proximate cause. Plaintiff argues that the expert testimony submitted by the witnesses establishes that Wannagot's injury was proximately caused by the stress of his employment. Plaintiff further argues that "if the Commission had employed this "substantial factor" standard, plaintiff would have prevailed in his application." (Plaintiff's Reply Memorandum of Law dated March 30, 1990 at 4). In support of the above arguments plaintiff analogizes the Workers' Compensation Act Conn. Gen. Stat. 3-284 (a) and various cases decided under the Workers' Compensation Act.
Before turning to the issue of whether plaintiff was denied his right to due process by the Commission's actions, the court must determine whether Wannagot's claim to a disability pension is of such a character as to warrant due process protection. The United States Court of Appeals, Second Circuit, has held that "an interest in disability retirement benefits is protected by due process." Costello v. Town of Fairfield, 811 F.2d 782, 784 (1987). Since those who meet the eligibility requirements of the Darien Code are entitled to a disability pension, Wannagot's claim to these benefits entitles him to due process protection. CT Page 4223
Next, the court considered whether the Commission's procedure for determining Wannagot's eligibility for a disability pension pursuant to the Darien Code Article II, 38-158)a)(4) deprived him of due process of law. In order to be entitled to a disability pension the Darien Code Article II, 38-148 (a)(4) provides in pertinent part that:
 The board of police commissioners may retire any member of the police department who shall have become permanently unfit for duty on a certificate of a doctor or doctors appointed by the board of police commissioners, certifying that such member is permanently unable to perform ordinary police duties, and that such unfitness and inability was caused by some injury received while performing the duties of his service without fault on his part.
It is the opinion of the court that in order for an applicant to be eligible for a disability pension pursuant to 38-158 (a)(4) three criteria must be met which are as follows: (1) certification that the applicant is "permanently unable to perform ordinary police duties," (2) that the disability "was caused by some injury received while performing the duties of his service," and (3) that the injury was received "without fault on his part." Although "38-158(a)(4) requires that three criteria be met in order for an applicant to receive a disability pension, plaintiff only argues that he was denied due process because the commission improperly applied the causation standard.
"Due process does not mandate a particular procedure but rather requires only that certain safeguards exist in whatever procedural form is afforded." Hartford Federal Savings Loan Ass'n v. Tucker, 196 Conn. 172, 176 (1985 cert. denied,474 U.S. 920 (1985). In determining whether administrative procedures are constitutionally sufficient the Connecticut Supreme Court has stated:
 The concept of due process, when the government seeks to deprive a person of life, liberty or property, is that the thoroughness of the procedure by which the deprivation is affected must be against the gravity of the potential loss and the interests at stake, and due process requires that the procedure involved must be appropriate to the nature of the case. (citations omitted).
Shea v. State Employees' Retirement Commission, 170 Conn. 610,616 (1976). In this case the potential loss is significant because one who meets the eligibility requirements of CT Page 4224 38-158 (a)(4) is entitled to a disability pension. The procedure involved required that the applicant meet three criteria to be eligible for a disability pension, specifically: (1) certification; (2) causation; and (3) without fault. It is found that the aspects of the procedure provided by 38-158 (a)(4) tend to assure the reliability of the Commission's decision. In the instant case the Commission heard testimony from plaintiff's doctor, Dr. Philip Rosenthal (Transcript of March 25, 1987 at 41-95) and defendants' doctor, Dr. David London (Transcript of May 4, 1987 at 7-100) regarding the causes of plaintiff's disability. There were also numerous lay witnesses who testified to the various stresses that the plaintiff was under. (Transcript of March 24, 1987 and May 4, 1987). It is also found that the court should not be persuaded by plaintiff's claim that the Commission used the wrong evidentiary standard with regard to causation. Plaintiff's analogy of the Darien Code to the Workers' Compensation Act on the issue of causation is without merit. The Workers' Compensation Act provides that the injury must "arise out of" and be "in the course of employment." Conn. Gen. Stat. 31-284 (a). This language is not similar to the Darien Code's causation provision which provides that the "unfitness and inability was caused by some injury received while performing the duties of his service." Darien Code, Article II, 38-158 (a)(4). Plaintiff has cited no case law supporting his analogy and the court is not convinced that the language of the Workers' Compensation Act and the Darien Code can be read as similar. Plaintiff is attempting to mandate a particular procedure on the Commission, namely, the proximate cause standard and this is not a proper due process challenge.
It is the court's opinion that the Commission's present procedure under 38-158 (a)(4) provides a reasonably reliable determination of eligibility for a disability pension, and that the court is not persuaded that an improper evidentiary standard was used in relation to this procedure. Although the interest of plaintiff to receive disability benefits is significant, the Commission has a substantial interest in maintaining the stability of its code. It is found that the Commission's procedure satisfies the requirements of due process in this case in that plaintiff was afforded an adequate hearing.
Plaintiff also alleges in his complaint that the Commission's decision violated Article IX of the collective bargaining agreement between the Town of Darien and the Darien Police Commission. At oral argument plaintiff mentioned this contractual claim but only argues that due process was denied because the Commission failed to apply the proper evidentiary standard on the issue of causation. It is found that as CT Page 4225 previously discussed, the Commission's procedure satisfied the requirements of due process and therefore, plaintiff's action in its entirety is dismissed.
JOHN J.P. RYAN, JUDGE