JOHN FRAENZA *v.* TIMOTHY R.E. KEENEY,
COMMISSIONER OF ENVIRONMENTAL
PROTECTION, ET AL.
(15143)

PETERS, C. J., and BORDEN, BERDON, KATZ and PALMER, Js.

Argued February 9—decision released March 21, 1995

*Frank Cochran,* for the appellant (plaintiff).

*John M. Looney,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (named defendant).

PER CURIAM. This administrative appeal concerns the right of a landowner to obtain the prescribed permits from the department of environmental protection in order to construct a marina within tidal waters that are part of a statutorily designated coastal zone. In a decision upholding the findings and conclusions of a hearing officer, the defendant,[1] Timothy R.E. Keeney, commissioner of environmental protection, determined that the proposed marina, in its present configuration, would have significant adverse environmental consequences and therefore denied the application of the plaintiff, John Fraenza, for a structures and dredging permit pursuant to General Statutes (Rev. to 1989) § 22a-361[2] and a tidal wetlands permit pursuant to Gen-

---

[1] We will refer to the commissioner as the defendant because the commissioner apparently represents the interests of the defendant coastal resources management division of the department of environmental protection. The other listed defendants, the estate of Armand Williams, Pier 66 Marina, Branford Point Association, Robert Bartlett and Virginia Bartlett, have neither filed briefs nor participated in oral argument in the appeal to this court.

[2] General Statutes (Rev. to 1989) § 22a-361 provides in relevant part: "PERMIT FOR DREDGING OR ERECTION OF STRUCTURES OR PLACEMENT OF FILL. REGULATIONS. (a) No person, firm or corporation, public, municipal or private, shall dredge, or erect any structure, place any fill, obstruction or encroachment or carry out any work incidental thereto in the tidal, coastal or navigable waters of the state waterward of the high tide line until such person, firm or corporation has submitted an application and has secured

eral Statutes (Rev. to 1989) § 22a-32.[3] The plaintiff filed an administrative appeal in the Superior Court in accordance with General Statutes §§ 22a-34 and 4-183.[4] On the basis of its review of the administrative record

from said commissioner a certificate or permit for such work and has agreed to carry out any conditions necessary to the implementation of such certificate or permit. . . .

"(b) The commissioner of environmental protection may adopt, in accordance with the provisions of chapter 54, regulations to carry out the provisions of sections 22a-359 to 22a-363, inclusive, and sections 22a-383 to 22a-390, inclusive. . . ."

[3] General Statutes (Rev. to 1989) § 22a-32 provides in relevant part: "REGULATED ACTIVITY PERMIT. APPLICATION. HEARING. WAIVER OF HEARING. No regulated activity shall be conducted upon any wetland without a permit. Any person proposing to conduct or cause to be conducted a regulated activity upon any wetland shall file an application for a permit with the commissioner, in such form and with such information as the commissioner may prescribe. . . . No sooner than thirty days and not later than sixty days of the receipt of such application, the commissioner or his duly designated hearing officer shall hold a public hearing on such application, provided, whenever the commissioner determines that the regulated activity for which a permit is sought is not likely to have a significant impact on the wetland, he may waive the requirement for public hearing after publishing notice, in a newspaper having general circulation in each town wherever the proposed work or any part thereof is located, of his intent to waive said requirement, except that the commissioner shall hold a hearing on such application upon receipt of a petition, signed by at least twenty-five persons, requesting such a hearing. . . ."

[4] General Statutes § 22a-34 provides in relevant part: "APPEAL. (a) An appeal may be taken by the applicant or any person or corporation, municipal corporation or interested community group other than the applicant who has been aggrieved by such order from the denial, suspension or revocation of a permit . . . within thirty days after publication of such issuance, denial, suspension or revocation of any such permit to the superior court for the judicial district of Hartford-New Britain. If the court finds that the action appealed from is an unreasonable exercise of the police power, it may set aside the order. If the court so finds that the action appealed from constitutes the equivalent of a taking without compensation, and the land so regulated otherwise meets the interests and objectives of sections 22a-28 to 22a-35, inclusive, it may at the election of the commissioner (1) set aside the order or (2) proceed under the provisions of sections 48-12 to 48-14, inclusive, to award damages.

"(b) Such appeal shall be brought in accordance with the provisions of section 4-183, except venue for such appeal shall be in the judicial district

and the arguments of counsel, the trial court rendered a judgment dismissing the plaintiff's appeal. The plaintiff then appealed from the judgment of the trial court to the Appellate Court, and we transferred his appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We affirm the judgment of the trial court.

In this court, the plaintiff has raised eighteen issues that renew almost all the claims that he made in the trial court. He challenges the dismissal, on procedural grounds, of his appeal from the denial of a structures and dredging permit. He likewise challenges the dismissal, on substantive grounds, of his appeal from the denial of a tidal wetlands permit. He maintains, furthermore, that the defendant's actions have deprived

of Hartford-New Britain. Such appeal shall have precedence in the order of trial."

General Statutes § 4-183 provides in relevant part: "APPEAL TO SUPERIOR COURT. (a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section.

* * *

"(i) The appeal shall be conducted by the court without a jury and shall be confined to the record. If alleged irregularities in procedure before the agency are not shown in the record or if facts necessary to establish aggrievement are not shown in the record, proof limited thereto may be taken in the court. The court, upon request, shall hear oral argument and receive written briefs.

"(j) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. If the court finds such prejudice, it shall sustain the appeal and, if appropriate, may render a judgment under subsection (k) of this section or remand the case for further proceedings. For purposes of this section, a remand is a final judgment. . . ."

him of any opportunity to develop his property as a marina and therefore constitute a constitutionally impermissible regulatory taking. In response to these various issues, the trial court filed a thoughtful and comprehensive memorandum of decision that thoroughly canvassed the applicable legal principles in a manner consistent with the statutes governing the regulation of tidal wetlands in statutorily designated coastal zones. Because that memorandum of decision fully states and meets the relevant arguments raised in the present appeal, we adopt the trial court's well reasoned decision as a statement of the facts and the applicable law on these issues. See *Fraenza* v. *Keeney*, 43 Conn. Sup. 386, 655 A.2d 1113 (1994). No useful purpose would be served by a repetition of the discussion contained therein. See *Masotti* v. *Bristol Savings Bank*, 232 Conn. 172, 175, 653 A.2d 179 (1995); *Advanced Business Systems, Inc.* v. *Crystal*, 231 Conn. 378, 381, 650 A.2d 540 (1994); *Connecticut Resources Recovery Authority* v. *Refuse Gardens, Inc.*, 229 Conn. 455, 458–59, 642 A.2d 697 (1994).

The judgment is affirmed.