DIANE DADISKOS *v.* CONNECTICUT REAL
ESTATE COMMISSION
(13312)

DUPONT, C. J., and FOTI and SPEAR, Js.

---

Argued January 12—decision released May 9, 1995

*Kathleen D. Stingle,* for the appellant (plaintiff).

*Megan O'Neill,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Robert M. Langer,* assistant attorney general, for the appellee (defendant).

FOTI, J. The plaintiff appeals from the trial court judgment dismissing the administrative appeal that she brought pursuant to General Statutes § 4-183.[1] The plaintiff's administrative appeal was from a decision of the defendant state real estate commission, revoking her real estate broker's license pursuant to General Statutes (Rev. to 1991) § 20-323.[2] The plaintiff claims that the

---

[1] General Statutes § 4-183 provides in relevant part: "(a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section. The filing of a petition for reconsideration is not a prerequisite to the filing of such an appeal."

[2] General Statutes (Rev. to 1991) § 20-323, as amended by 1991 Public Acts, No. 91-229, § 13, provides: "Any licensee or certification holder convicted of a violation of any of the offenses enumerated in sub[division] (8) of section 20-320 [as amended by No. 91-229, § 11, of the 1991 Public Acts] shall incur a forfeiture of his license or certification and all moneys that may

trial court improperly (1) found that the commission correctly applied the provisions of § 20-323 to the facts, (2) determined that the commission did not improperly rely on an ex parte communication in violation of General Statutes § 4-181,[3] and (3) determined that the

have been paid therefor. The clerk of any court wherein such conviction has been had shall forward to the appropriate commission without charge a certified copy of such conviction. Said commission, upon the receipt of a copy of the judgment of conviction, shall, within ten days thereafter, notify the licensee or certification holder, in writing, of the revocation of his license or certification, as the case may be, which notice shall be conclusive of the revocation thereof. Application for reinstatement of such license or certification shall be subject to the provisions of section 46a-80."

Subdivision (8) of General Statutes § 20-320 enumerates "forgery, embezzlement, obtaining money under false pretenses, larceny, extortion, conspiracy to defraud, or other like offense or offenses . . . ."

[3] General Statutes § 4-181 provides: "(a) Unless required for the disposition of ex parte matters authorized by law, no hearing officer or member of an agency who, in a contested case, is to render a final decision or to make a proposed final decision shall communicate, directly or indirectly, in connection with any issue of fact, with any person or party, or, in connection with any issue of law, with any party or the party's representative, without notice and opportunity for all parties to participate.

"(b) Notwithstanding the provisions of subsection (a) of this section, a member of a multimember agency may communicate with other members of the agency regarding a matter pending before the agency, and members of the agency or a hearing officer may receive the aid and advice of members, employees, or agents of the agency if those members, employees, or agents have not received communications prohibited by subsection (a) of this section.

"(c) Unless required for the disposition of ex parte matters authorized by law, no party or intervenor in a contested case, no other agency, and no person who has a direct or indirect interest in the outcome of the case, shall communicate, directly or indirectly, in connection with any issue in that case, with a hearing officer or any member of the agency, or with any employee or agent of the agency assigned to assist the hearing officer or members of the agency in such case, without notice and opportunity for all parties to participate in the communication.

"(d) The provisions of this section apply from the date the matter pending before the agency becomes a contested case to and including the effective date of the final decision. Except as may be otherwise provided by regulation, each contested case shall be deemed to have commenced on the date designated by the agency for that case, but in no event later than the date of hearing."

plaintiff's substantial rights were not prejudiced even if the commission violated the provisions of § 4-180 (c).[4]

The following facts are relevant. The plaintiff is a licensed Connecticut real estate broker. On June 15, 1992, the plaintiff was convicted, after pleading guilty, in the United States District Court for the judicial district of Connecticut, of three counts of violating 31 U.S.C. §§ 5313 (a) and 5324 (3), which make it a felony to structure financial transactions so as to avoid federal reporting requirements. The crimes took place in 1987, during which time the plaintiff was a licensed real estate sales agent. As part of her plea, the plaintiff admitted that the purpose in structuring two monetary transactions was to avoid the federal reporting requirements for cash transactions in excess of $10,000. On July 23, 1992, the commission received a certified copy of the notice of the plaintiff's conviction from the clerk of the United States District Court. The commission immediately notified the plaintiff, by certified mail, of the forfeiture of her license pursuant to General Statutes § 20-323. The plaintiff thereafter requested a hearing for purposes of reconsideration of that forfeiture. On October 1, 1992, the commission held a formal hearing to allow the plaintiff the opportunity to show cause why her license should not remain revoked. At the hearing, the plaintiff personally appeared and presented her resume, four letters of reference and her version of

[4] General Statutes § 4-180 (c) provides: "A final decision in a contested case shall be in writing or orally stated on the record and, if adverse to a party, shall include the agency's findings of fact and conclusions of law necessary to its decision. Findings of fact shall be based exclusively on the evidence in the record and on matters noticed. The agency shall state in the final decision the name of each party and the most recent mailing address, provided to the agency, of the party or his authorized representative. The final decision shall be delivered promptly to each party or his authorized representative, personally or by United States mail, certified or registered, postage prepaid, return receipt requested. The final decision shall be effective when personally delivered or mailed or on a later date specified by the agency."

what had transpired leading to her conviction. On November 25, 1992, the plaintiff was notified by written decision of the revocation of her broker's license and notified of her right to appeal the decision pursuant to § 4-183.[5]

As a preliminary matter, we must address the commission's claim that this appeal should be dismissed for lack of subject matter jurisdiction. The commission claims that § 20-323 does not require a hearing prior to a forfeiture, and the fact that one was given does not create a contested case pursuant to § 4-166 (2),[6] and, therefore, there is no right to appeal. We agree.

The right to appeal from a decision of an administrative agency is created by statute. See *Lewis* v. *Gaming Policy Board*, 224 Conn. 693, 699, 620 A.2d 780 (1993). Pursuant to General Statutes § 4-183 (a), a person aggrieved by a final decision may appeal to the Superior Court. A final decision is defined as "the agency determination in a contested case." General Statutes § 4-166 (3) (A); *Summit Hydropower Partnership* v. *Commissioner of Environmental Protection*, 226

---

[5] See footnote 1.

[6] The commission notified the plaintiff that in "accordance with Section 4-183 of the Connecticut Statutes, you may appeal this decision." Subject matter jurisdiction may not be conferred on this court. *Colby* v. *Colby*, 33 Conn. App. 417, 420, 635 A.2d 1241 (1994). This court does have jurisdiction, however, to review decisions of the Superior Court and administrative bodies to determine whether they had jurisdiction. *O & G Industries, Inc.* v. *Planning & Zoning Commission*, 232 Conn. 419, 431, 655 A.2d 1121 (1995). In this case, we must first decide if the real estate commission had jurisdiction to revoke summarily the plaintiff's license under General Statutes § 20-323. The plaintiff claims that § 20-323 does not apply because (1) she was convicted in a federal, not a state, court and (2) the federal crimes that she committed were not offenses "like" those enumerated in § 20-320. We conclude that the commission had jurisdiction in this case because § 20-323 refers to the "offenses enumerated in sub[division] (8)" of § 20-320 and not to the court in which the licensee was convicted, and that 31 U.S.C. §§ 5313 (a) and 5324 (3) were offenses like those enumerated in § 20-320 because fraud or dishonesty in money matters is common to the enumerated crimes and the plaintiff's crimes.

Conn. 792, 802, 629 A.2d 367 (1993). A contested case is defined in General Statutes § 4-166 (2) as "a proceeding . . . in which the legal rights, duties or privileges of a party are *required by statute* to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held . . . ." (Emphasis added.) No statutory right to appeal exists "unless the commissioner was statutorily required to determine the plaintiff's legal right or privilege . . . in a hearing . . . ." *Summit Hydropower Partnership* v. *Commissioner of Environmental Protection*, supra, 802. If a hearing is not statutorily mandated, even if one is gratuitously held, a "contested case" is not created. Id., 807–809; see also *Fraenza* v. *Keeney*, 43 Conn. Sup. 386, 390, 655 A.2d 1113 (1994), aff'd, 232 Conn. 401, 655 A.2d 1112 (1995).

It is not disputed that the plaintiff's license was revoked pursuant to § 20-323, and that the provisions of that section are of a summary nature relieving the commissioner of the obligation to conduct a hearing upon notice of conviction of a crime as enumerated in subdivision (8) of § 20-320 or conviction of an offense like those enumerated. The plaintiff argues, however, that this does not eliminate the necessity for a hearing. She argues that once a revocation under § 20-323 occurs, the notice of automatic forfeiture to the licensee gives her the right to request a hearing, which is mandated, pursuant to General Statutes § 4-182 (c). We do not agree that the provisions of § 4-182 (c) create a requirement that the commission hold a hearing. Subsection (c) of § 4-182 requires notice by mail giving the licensee the facts or conduct warranting the action proposed, and gives that licensee "an opportunity to show compliance with all lawful requirements for the retention of the license." This section of our statutes clearly deals with a situation in which a revocation, suspension, annulment or withdrawal of

any license is contemplated. The opportunity for a showing of compliance may be by conference or otherwise and does not constitute a hearing. Such cannot be found to create a "contested case." We agree with the trial court that General Statutes § 20-323 requires an automatic revocation of a real estate license under these facts and that the revocation is summary.

While a § 4-182 (c) compliance conference generally satisfies the requirements of the Uniform Administrative Procedure Act (UAPA), most agencies have statutory mandates that supersede it. General Statutes § 20-321 provides that "[b]efore . . . revoking any license . . . the Real Estate Commission shall give notice and afford opportunity for hearing as provided in the regulations established by the commissioner of consumer protection." This section does not provide for a hearing when the commission invokes § 20-323. " 'In construing a statute, common sense must be used, and courts will assume that the legislature intended to accomplish a reasonable and rational result.' " *King* v. *Board of Education*, 203 Conn. 324, 332–33, 524 A.2d 1131 (1987). Section 20-321 requires a hearing *before* the revocation of any license, but does not apply to § 20-323 and the automatic nature of the forfeiture contained therein.

Because § 4-166 (2) limits "contested case status to proceedings in which an agency is *required by statute* to provide an opportunity for a hearing to determine a party's legal rights or privileges"; (emphasis in original) *Summit Hydropower Partnership* v. *Commissioner of Environmental Protection,* supra, 226 Conn. 811; and because § 20-323 does not mandate a hearing, we conclude that no contested case existed. Therefore, there was no final decision from which the plaintiff had a right to appeal pursuant to § 4-183 (a).

The judgment dismissing the plaintiff's appeal after review of the merits is reversed and the case is remanded with direction to render judgment dismissing the appeal for lack of subject matter jurisdiction.

In this opinion the other judges concurred.