[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Connecticut State Employees' Retirement Commission (Commission), the defendant in this case, has filed a motion to dismiss the plaintiff's administrative appeal from a decision of the Commission denying disability retirement benefits to the plaintiff under G.S. § 5-169. The Commission contends that the court lacks subject matter jurisdiction to decide this administrative appeal. The court agrees.
The appeal from the Commission's decision, if viable, must fall within the purview of C.G. Chapter 54, the Uniform Administrative Procedure Act (UAPA). In particular, G.S. §4-183(a) provides that a person may appeal to the superior court from an adverse decision of an administrative agency if that person is aggrieved by a final decision of that agency. The phrase "final decision" is expressly defined under the UAPA, G.S. § 4-166(3), to mean the "agency; determination in a contested case". The phrase "contested case" is itself defined in C.G. § 4-166(2) to mean "a proceeding . . . in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing. . . ."
In order for a proceeding to qualify as a "hearing" under § 4-166(2), there must be "a statutory or regulatory right to be heard by the agency," Herman v. Division of Special Revenue,193 Conn. 379, 383 (1984). The mere fact that an agency may be empowered by statute or regulation to conduct a hearing is insufficient; the agency must be bound to do so, All BrandCT Page 12065Imports, Inc. v. Department of Liquor Control, 213 Conn. 184, 212
(1989); Taylor v. Robinson, 171 Conn. 691, 698 (1976).
Our Supreme Court has already concluded that there "is nothing in the State Employees' Retirement Act (chapter 66 of the General Statutes) which obliges the commission to provide an opportunity for a hearing," Rybinski v. State Employees'Retirement Commission, 173 Conn. 462, 471 (1977). The court discerns nothing in § 5-169 of that Act which entitles an applicant for disability pension benefits to a hearing. Section5-169 sets up a procedure whereby applications for such benefits are submitted to a medical board, composed of physicians, which board makes findings regarding eligibility and reports its findings to the Commission, Shea v. State Employees' RetirementCommission, 170 Conn. 610, 614 (1976). The Commission then approves or disapproves the application. Id.
It is significant that § 5-169(d) was amended by P.A. 80-301 to substitute the word "redetermination" for "rehearing". The implication of the amendment is that the medical board and Commission make a determination of eligibility in the first instance rather than necessarily conduct a hearing.
The Supreme Court has recently reiterated its holding that a contested case, as defined by § 4-166(2), is one where the right to a hearing is mandated by statute, Summit HydropowerPartnership v. Commissioner of Environmental Protection,226 Conn. 792, 811 (1993). In the absence of statutory language conferring a right upon the plaintiff to a hearing before the medical board and Commission could pass upon the plaintiff's application for disability pension benefits, the matter is neither a contested case nor a final decision under the UAPA from which an appeal to the superior court is authorized by §4-183(a).
The defendant's motion to dismiss is granted.
Sferrazza, J.