[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#102)
This is an administrative appeal from a decision of the defendant, the Connecticut Medical Examining Board ("the board"), acting for the State Employees Retirement Commission ("the commission") pursuant to General Statutes § 4-183, wherein the plaintiff/appellant, Joseph J. Norfleet, was denied state service-connected disability retirement benefits. Before the court is the defendant's motion to dismiss.
The record reveals the following facts concerning the factual and procedural history of this case. The plaintiff was employed by the State of Connecticut Department of Corrections for approximately seventeen years as a corrections officer. During the course of his employment, the plaintiff sustained injuries to his neck and shoulder during the summer of 1992 and remained out of work for approximately seven months. Upon his return to work in February, 1993, the plaintiff worked sporadically for the following fifteen months.
During the summer of 1994, the plaintiff filed an application for state service connected disability retirement benefits. By decision dated July 10, 1995, the board denied the plaintiff's application. The plaintiff appealed this decision to this court.
"Judicial review of an administrative decision is a creature of statute." Fairfield v. Connecticut Sitting Council,37 Conn. App. 653, 660, 656 A.2d 1067 (1995). If the legislature has not created statutory authority for an appeal from an administrative agency, then the superior court does not have jurisdiction to hear the appeal. Killingly v. ConnecticutSitting Council, 220 Conn. 516, 522, 600 A.2d 752 (1991). The legislature has not authorized a right of appeal to the superior court from every determination of an administrative agency. NewEngland Dairies, Inc. v. Comm'r. of Agriculture, 221 Conn. 422,427, 604 A.2d 810 (1992). Judicial review of administrative agency decisions are granted only in certain delineated circumstances and is not as of right. Lewis v. Gaming PolicyBoard, 224 Conn. 693, 700, 620 A.2d 780 (1993).
"The appealability of an agency decision is governed by §4-183 of the UAPA, which provides that `[a] person who has CT Page 4213-SS exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section.'" (Emphasis in original.) Derwin v. State Employees Retirement Commission,234 Conn. 411, 418, 661 A.2d 1025 (1995). The phrase "final decision" is expressly defined under the UAPA, General Statutes § 4-166(3), to mean the "agency determination a contested case." In General Statutes § 4-166(2), a contested case is defined as "a proceeding . . . in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for a hearing. . . ." "No statutory right to appeal exists unless the commission was statutorily required to determine the plaintiff's legal rights or privilege . . . in a hearing. . . . If a hearing is not statutorily mandated, evenif one is gratuitously held, a contested case is not created."
(Citations omitted; emphasis added; internal quotation marks omitted.) Dadiskos v. Connecticut Real Estate Commission,37 Conn. App. 777, 781, 657 A.2d 717 (1995), quoting SummitHydropower Partnership v. Commissioner of EnvironmentalProtection, 226 Conn. 792, 802, 629 A.2d 367 (1993).
The defendant argues that there is nothing in § 5-169 which requires the commission to afford an applicant the opportunity for a hearing, thereby depriving this court of jurisdiction over this appeal. The defendant counters that the right to prosecute such an appeal has been implicitly recognized by the Connecticut Supreme Court.[1]
General Statutes § 5-169 (b) provides, in pertinent part, that a member of the state employees' retirement system is eligible for disability retirement if he "becomes permanently disabled . . . from continuing to render the service in which he has been employed as a result of any injury received while in the performance of his duty as a state employee." General Statutes § 5-169 (c) requires the governor to appoint seven physicians to serve as a medical examining board to determine whether each applicant is entitled to disability retirement benefits, and to report that finding to the commission. Shea v.State Employees' Retirement Commission, 170 Conn. 610, 614,368 A.2d 159 (1976). The defendant commission, in turn, makes the ultimate determination as to the eligibility of any applicant for such benefits. General Statutes § 5-155; Shea v. StateEmployees' Retirement Commission, supra, 170 Conn. 614. "In sum, the commission, an agency responsible for the overall administration of the retirement system, is assisted in this CT Page 4213-TT task by the specialized knowledge of the medical examining board." Riley v. State Employees' Retirement Commission,178 Conn. 438, 440, 423 A.2d 87 (1979).
The Connecticut Supreme Court has held that there "is nothing in the State Employee's Retirement Act (Chapter 66 of the General Statutes) which obliges the commission to provide the opportunity for a hearing, although the commission may hold a hearing if it sees fit." Rybinski v. State EmployeesRetirement Commission, 173 Conn. 462, 471, 378 A.2d 547 (1977). Moreover, a recent decision of the Superior Court has held that there is nothing in § 5-169 of the Act which entitles an applicant for disability pension benefits to a hearing. SeeRedanz v. State Employees Retirement Commission, Superior Court, JD of Windham at Putnam, Docket No. 46628 15 Conn. L. Rptr. 373
(October 20, 1995) (Sferrazza, J.) (holding that the Superior Court lacks subject matter jurisdiction over an appeal from a decision of the commissioner because § 5-169 does not afford an applicant for disability retirement benefits the right to a hearing).
There is also nothing in the plain language of § 5-169 which entitles an applicant to a hearing. Section 5-169 (c) provides, in pertinent part, that the board shall "determine whether each applicant for disability retirement is entitled thereto." Thus, the statute only requires the board to make a medical determination based upon its expertise, and such a determination may be made without holding a hearing.
Section 5-169 does not require that a hearing be held on an application for retirement benefits. The decision dated July 10, 1995 by the Medical Examining Board was not rendered after a hearing since the Board, pursuant to statute, was not required to conduct a hearing. The decision, although entitled "Notice of Final Decision," was not a final decision under the Uniform Administrative Procedure Act Sections 4-166 et seq. from which an appeal to the Superior court is authorized under 4-183 (a).[2]
This court therefore does lack subject matter jurisdiction since this appeal is not from a final decision. The defendant's Motion to Dismiss is therefore granted.