[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 15, 1996, pursuant to General Statutes § 12-117a, the plaintiff, Peter F. Dalton, filed an application appealing the decision of the defendant, the Madison Board of Assessment Appeals, regarding the October 1, 1995 tax assessment on real property owned by the plaintiff and located at 51 Hotchkiss Lane in the Town of Madison. The application was brought in the name of "Peter F. Dalton of 51 Hotchkiss Lane, Madison, CT 06443. . . ." As required by General Statutes § 12-117a, the application was accompanied by a citation and recognizance. However, the citation mistakenly commanded the Town of Madison to appear before the court "to answer unto the foregoing application of Dorothy P. Cahill of 74 Webster Point Rd., CT 06443." The citation should have listed Peter F. Dalton as the applicant. Dorothy P. Cahill was also named as principal on the recognizance.
On June 25, 1995, the defendant filed a motion to dismiss the plaintiff's action based on the grounds of insufficiency of service of process, lack of personal jurisdiction, and lack of subject matter jurisdiction. The defendant specifically argues that the plaintiff's failure to serve a proper citation and recognizance, as required by General Statutes § 12-117a, constitutes insufficiency of service of process and lack of personal jurisdiction over the defendant. The defendant further argues that because the plaintiff has failed to file an application, citation, and recognizance within two months of the date of the Madison Board of Assessment Appeal's action, also as required by General Statutes § 12-117a, the court lacks subject matter jurisdiction over the plaintiff's action. On the same day, as required by Practice Book § 143, the defendant CT Page 6076 filed a memorandum in support of its motion to dismiss.
On July 3, 1996, the plaintiff filed a memorandum in opposition to the defendant's motion to dismiss on the ground that the misidentification in the citation was a misnomer, not a jurisdictional defect, which could be cured by amending the citation pursuant t o Practice Book § 175 or General Statutes § 52-128. On June 26, 1996, the plaintiff filed an amended citation and recognizance identifying himself as plaintiff and principal for the recognizance.
The purpose of a motion to dismiss is to "contest the court's jurisdiction." Practice Book § 142. See also Southport ManorConvalescent Center, Inc. v. Foley, 216 Conn. 11, 16,578 A.2d 646 (1990). "[A] motion to dismiss . . . attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Citations omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1990).
The Practice Book lists five situations in which a motion to dismiss is appropriate. Section 143 provides that "the motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." See also Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985).
In determining whether to grant or deny the motion to dismiss, the court "admits all facts which are well pleaded . . . [and] invokes the existing record." Barde v. Board of Trustees,207 Conn. 59, 62, 539 A.2d 1000 (1988). Furthermore, the complaint must be construed "most favorably to the plaintiff."Duguay v. Hopkins, 191 Conn. 222, 227, 464 A.2d 45 (1983).
At the time of the plaintiff's application to the Superior Court, General Statutes § 12-117a, as amended by No. 95-283 § 17 of the 1995 Public Acts and No. 96-1 §§ 3, 4 of the 1996 Public Acts (P.A. 96-1),[1] provided, in relevant part, that "[a]ny person . . . claiming to be aggrieved by the action of the board of tax review or the board of assessment appeals, as the case may be, in any town or city may, within two months from the date of the mailing of notice of such action, make application, in the nature of an appeal therefrom, with respect CT Page 6077 to the assessment list for the assessment year commencing October 1, 1989, October 1, 1990, October 1, 1991, October 1, 1992, October 1, 1993, October 1, 1994, or October 1, 1995, to the superior court for the judicial district in which such town or city is situated, and with respect to the assessment list for assessment years commencing on or after October 1, 1996, to the superior court for the judicial district of Hartford-New Britain at Hartford, which shall be accompanied by a citation such town or city to appear before said court.[2] Such citation shall be signed by the same authority and such appeal shall be returnable at the same time and served and returned in the same manner as is required in case of a summons in a civil action. The authority issuing the citation shall take from the applicant a bond or recognizance to such town or city, with surety, to prosecute the application to effect and to comply with and conform to the orders and decrees of the court in the premises."
The parties agree that General Statutes § 12-117a
requires that the application to the Superior Court be accompanied by a citation and recognizance. "`A citation is a writ issued out of a court of competent jurisdiction, commanding a person therein named to appear on a day named to do something therein mentioned' . . . Similar to the writ used in civil process, the citation is simply a `direction to the officer to summon the agency whose decision is being appealed' . . . A recognizance for costs must be contained within a writ of civil process. . . ." (Citations omitted.) Sheehan v. ZoningCommission, 173 Conn. 408, 412, 378 A.2d 519 (1977).
In the present case, the plaintiff, Peter F. Dalton, attached a citation and recognizance to his application. However, that citation and recognizance was for a Dorothy P. Cahill, rather than Peter F. Dalton.[3] The issue for the court is whether, as argued by the plaintiff, Practice Book § 175,[4] or its statutory counterpart, General Statutes § 52-128,[5] permit the plaintiff to amend his citation and recognizance, thus complying with General Statutes § 12-117a.
In Southern New England Telephone Co. v. Board of Tax Review,31 Conn. App. 155, 162, 623 A.2d 1027 (1993), the court stated that "[i]n this case, the plaintiff named the board of tax review and served its chairperson rather than naming the town and serving the town clerk as required by § 12-118 [currently found at General Statutes § 12-117a]. We hold that the plaintiff's failure to name and serve the statutorily mandated CT Page 6078 necessary party in the citation is a jurisdictional defect that renders the administrative appeal subject to dismissal." InAndover Limited Partnership I v. Board of Tax Review, 232 Conn. 392,393-94, 655 A.2d 759 (1995), the plaintiff similarly named the board of tax review as the defendant but served the assistant town clerk rather than the chairperson of the board of tax review. "Although the plaintiff acknowledge[d] that it did not strictly comply with the statutory requirements, it contend[ed] that the error was a nonfatal misnomer that constitute[d] a circumstantial mistake, error or defect and [was] curable by § 52-123.[6] The town, however, argue[d] that because the plaintiff named the wrong party as the defendant in its citation, the error constituted a defect that deprived the court of subject matter jurisdiction. . . ." Id., 396.
The court began by noting that "[s]ection 52-123 is a remedial statute and therefore it must `be liberally construed in favor of those whom the legislature intended to benefit.'" Id. Then, in its discussion, the court emphasized the case of Pack v.Burns, 212 Conn. 381, 384-85, 562 A.2d 24 (1989), where "the plaintiff initially named as defendant the `State of Connecticut Transportation Commission,' a nonexistent entity, but then properly served notice of the claim on the commissioner of transportation, as required by General Statutes § 13a-144. [The court] determined that `[t]he effect given to such a misdescription usually depends upon the question whether it is interpreted as merely a misnomer or defect in description, or whether it is deemed a substitution or entire change of party; in the former case an amendment will be allowed, in the latter it will not be allowed.'" Andover Limited Partnership I v. Board ofTax Review, supra, 232 Conn. 397.
In Pack v. Burns, supra, 212 Conn. 385-86, the court permitted the plaintiff to amend the named defendant pursuant to General Statutes § 52-123. In Andover Limited PartnershipI v. Board of Tax Review, supra, 232 Conn. 401, the court "conclude[d] that the naming of the board instead of the town was a circumstantial error, mistake or defect under 52-123[,]" similarly permitting the plaintiff the amend the citation.
Southern New England Telephone Co. v. Board of Tax Review,
supra, 31 Conn. App. 155; Pack v. Burns, supra, 212 Conn. 381; and Andover Limited Partnership I v. Board of Tax Review, supra,232 Conn. 392, all involved situations where the plaintiff failed to name the proper defendant in the citation. A thorough search CT Page 6079 of Connecticut caselaw has revealed only one case, not an administrative appeal, where the plaintiff failed to name the proper plaintiff in the writ of summons.
In Allen v. Freedman, Superior Court, judicial district of New Haven at New Haven, Docket No. 035812 (April 27, 1994, DeMayo, J., 11 Conn. L. Rptr. 504), the plaintiff failed to include the name and address of one of the plaintiffs in the writ of summons. The court found that "the failure by the plaintiffs to inform the defendants in the writ of all the parties bringing the suit is a jurisdictional, not a circumstantial, defect." Id., 505-06.[7]
Turning to the present case, as previously stated, the plaintiff may amend his citation under Practice Book § 175 or General Statutes § 52-128 only if the misdescription is interpreted as a misnomer or a defect in description. Therefore, the plaintiff may amend his citation only if such amendment does not involve a substitution or entire change of the party. The plaintiff wishes to amend his citation to identify Peter F. Dalton, rather than Dorothy P. Cahill, thus complying with General Statutes § 12-117a. Such an amendment would be a substitution or entire change of the party, not permitted under Practice Book § 175 or General Statutes § 52-128. This conclusion is supported by the proposition that "`[a]ppeals to courts from administrative agencies exist only under statutory authority.'" Raines v. Freedom of Information Commission,221 Conn. 482, 489, 604 A.2d 819 (1992). Therefore, "[a] statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) Id. "`Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal.'" Id., 490.
Based on the foregoing, the plaintiff's failure to provide the proper name in the citation, as required by General Statutes § 12-117a, is a jurisdictional defect which cannot be cured by amendment under Practice Book § 175 or General Statutes § 52-128. Accordingly, the defendant's motion to dismiss is granted.
Howard F. Zoarski State Trial Referee