[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 26, 1996
Plaintiff John J. Lee appeals the decision of the defendant CT Page 5488 real estate commission revoking the plaintiff's real estate broker's license. The commission acted pursuant to General Statutes § 20-323. The plaintiff appeals pursuant to §4-183. The court finds in favor of the plaintiff.
This appeal has an unusual procedural history, which, in part, is relevant to the issues presently before the court. The facts of that history are not in dispute. In December 1992, the defendant commission received notification from the United States District Court, District of Connecticut, that the plaintiff had been convicted of the crime of making and subscribing a false statement in violation of 26 U.S.C. § 7206 (1). The underlying facts to which the plaintiff had pled guilty were that he had made a false statement in a request for extension of time to file his income tax return. The false statement was that he believed he owed no tax. The guilty plea was necessarily based on the fact that he owed a substantial tax and knew it or should have known it.
Acting in response to the notice from the federal court, the commission notified the plaintiff that it would hold a hearing on the revocation of his real estate license pursuant to §20-323. The commission held the hearing in January 1993. The plaintiff attended, represented by counsel, and fully participated in the proceedings.
Following the hearing, the commission rendered a written decision revoking the license. The plaintiff appealed that decision to this court.
On April 22, 1994 this court rendered its decision on the plaintiff's appeal and remanded the case to the commission. The basis of the court's decision remanding the case was that the commission's decision was ambiguous in that it did not clearly state whether the statutory authority for the revocation was General Statutes § 20-320 or § 20-323. The court did not address the substance of the plaintiff's appeal. Rather, the court ordered the commission to render a new decision clearly setting forth which statute it was using the basis for its decision. The court did not order the commission to hold a new hearing.
On June 2, 1994 the commission rendered a new decision in accordance with this court's order of remand. The commission stated that the plaintiff's license was revoked pursuant to CT Page 5489 General Statutes § 20-323 on the basis of his conviction of the federal crime. The commission rendered this new decision without holding a hearing.
The plaintiff immediately appealed the commission's new decision. In his petition on appeal and in his brief, the plaintiff contended that he was entitled to a hearing, that the commission committed several procedural and technical errors, and that the commission erroneously concluded that his conviction of the federal crime required the commission to revoke his real estate license pursuant to § 20-323. In its brief, the commission raised the issue and argued that the court lacked subject matter jurisdiction because the commission proceeding was not a contested case under the Uniform Administrative Procedure Act.
On May 9, 1995, this court held that resolution of the plaintiff's appeal was governed by the decision of the Appellate Court in Dadiskos v. Connecticut Real Estate Commission,87 Conn. App. 777 (1995). In that else, the Appellate Court held that § 20-323 does not require the commission to hold a hearing before revoking a person's real estate license. The court further held, therefore, that revocation by the commission in accordance with that statute is not a contested case because of the lack of a statutory requirement of a hearing, citing Summit HydropowerPartnership v. Commissioner of Environmental Protection,226 Conn. 792 (1993)
On June 13, 1995 this court granted the plaintiff's motion to open the judgment dismissing his appeal and hear further argument. The court has heard and considered the parties' further arguments and now concludes that the plaintiff's appeal must be sustained.
In its present posture, the plaintiff's appeal presents essentially two issues for this court to resolve: (1) whether the commission proceeding and decision constitute a contested case within the meaning of the UAPA and (2) whether the commission correctly interpreted and applied General Statutes §§ 20-323
and 20-320 (8). The second issue has not been previously adjudicated in this case.
As noted, the basis of the Appellate Court's decision inDadiskos, supra, was that the commission's license forfeiture proceeding was not a contested case under the UAPA because the CT Page 5490 plaintiff had no statutory right to a hearing. Therefore, the Appellate Court held, the commission's decision was not appealable to this court under § 4-183. An essential factor in the Appellate Court's ultimate conclusion in Dadiskos was its view that § 4-182 (c) of the UAPA did not require the commission to hold a hearing prior to revoking the plaintiff's license. That statute provides that, prior to revoking a license, an administrative agency must give the licensee "an opportunity to show compliance with all lawful requirements for the retention of the license." The Appellate Court held that this provision does not require a hearing. Rather, the Appellate Court held, "The opportunity for a showing of compliance may be by conference or otherwise and does not constitute a hearing." Dadiskos v.CREC, supra, 37 Conn. App. 782-83. In the present case, the defendant commission relies on Dadiskos to support its contention that the case is not a contested case and that the court, therefore, lacks jurisdiction.
A few months after the Dadiskos decision in the Appellate Court, our Supreme Court rendered its decision in PARCC, Inc. v.Commissions on Hospitals Health Care, 235 Conn. 128 (decision released August 15, 1995). Although it did not mention theDadiskos decision, the Supreme Court unequivocally rejected the reasoning of that case and held to the contrary. When an agency acts to revoke a license, the Supreme Court held, "§ 4-182
(c) requires notice and an opportunity for a hearing before such revocation." Id. 138.
The Supreme Court's decision in PARCC, Inc. v. CHHC, supra,
holding that § 4-182 (c) provides a statutory right to a hearing in license revocation proceedings is, of course, consistent with a long line of cases holding that occupational licenses are property interests and that due process provisions of our constitutions require state agencies to afford notice and opportunity for hearing before revocation can be effective. "Consequently, it has been held that an appropriate hearing is necessary before a governmental agency may, on the basis of an alleged state of facts, impair the means of a person's livelihood, whether the means be wages or welfare benefits, pricerates or a right pursued under a license." (Emphasis added. Citations omitted.) Hart Twin Volvo v. Commissioner of MotorVehicles, 165 Conn. 42, 45 (1973).
Based On the Supreme Court's decision in PARCC, Inc. v. CHHCsupra, this court holds that the defendant commission in this CT Page 5491 case was required by statute, specifically General Statutes §4-182(C), to hold a hearing before revoking the plaintiff's real estate license in accordance with § 20-323. It follows that the commissions decision was rendered in a contested case within the meaning of the UAPA and is appealable under § 4-183.
The court's conclusion that the plaintiff had a statutory right to a hearing disposes of the commission's claim that the court lacks subject matter jurisdiction. Contrary to the plaintiff's assertions however the court's decision on that issue does not provide a basis for sustaining his appeal. As noted earlier prior to its first decision to revoke the plaintiff's license, the commission in fact conducted a hearing after proper notice to the plaintiff, and the plaintiff participated fully in it. When this court sustained the plaintiff's first appeal and remanded the case for further proceedings, it found nothing defective in that hearing and did not order a new hearing. The court simply ordered the commission to render a new decision, based on the existing record including the hearing that had been conducted and in accordance with the court's order to remove the ambiguity as to the statutory basis for the revocation. The court holds that the commission was not required by statute or otherwise to conduct an additional hearing before rendering the new decision.
The plaintiff's second principal contention is that the commission erroneously interpreted and applied General Statutes §§ 20-323 and 20-320 (8). The court agrees.
Section 20-323 reads in relevant part, as follows:
 Any licensee convicted of a violation of any of the offenses enumerated in subdivision (8) of Section 20-320 shall incur a forfeiture of his license and all moneys that may have been paid therefor.
Subdivision (8) of § 20-320 reads, in relevant part. as follows:
 conviction in a court of competent jurisdiction of forgery, embezzlement obtaining money under false pretenses larceny extortion conspiracy to defraud, or other like of offense . . . (Emphasis added.)
As the commission's new decision expressly indicates it CT Page 5492 interpreted other like offense as being one of the offenses enumerated in subdivision (8) of Section 20-320," as that phrase is used in § 20-323 and thus a basis for revocation under the latter statute. The commission also expressly held that the federal crime of which the plaintiff was convicted was an "other like offense."
The plaintiff contends that the commission erroneously included the generic other like offense as one of the offenses that trigger action under § 20-323. He points to the word "enumerated" in § 20-323 and argues that it serves to limit the operative offenses to those specifically designated in §20-320 (8). He also argues that the court must interpret the word narrowly because the statute is punitive in effect and requires strict construction.
The plaintiff further contends that, even if the commission was entitled to revoke a license under § 20-323 if it found that the licensee had been convicted of a like offense, the crime in this case was not such a like offense.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. Nevertheless where "the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." United Parcel Service, Inc v. Administrator.Unemployment Compensation Act, 209 Conn. 381, 385 (1988).
Another important and often applied principle is that the court is obliged to give significant consideration to an agency's interpretation of a statute or regulation that it is charged with enforcing. "Although the construction and interpretation of a statute is a question of law for the courts to decide . . . it is a well established practice of (the) court to accord great deference to the construction given (a) statute by the agency charged with its enforcement." Starr v. Commissioner ofEnvironmental Protection, 226 Conn. 358, 372 (1993). This does not mean that the court must abdicate its adjudicative function in interpreting the law, but it does mean that where there are CT Page 5493 different but equally plausible interpretations of a statute, the court must give due deference to that followed by the administrative agency concerned. Starr v. Commissioner, supra
376. Where, on the other hand, the court determines that an agency's interpretation of a statute is not plausible or reasonable, the court should not defer to such interpretation.Bridgeport Hospital v. Commission on Human Rights andOpportunities, 232 Conn. 91, 109-10.
In the present case, the commission's interpretation of §20-323 that it requires revocation of the license of a person who has been convicted of a crime that is a "like offense" to those specifically designated in § 20-320 (8) is plausible and reasonable. The obvious purpose of § 20-323 is to protect the public by removing from licensee those who have been found guilty of a certain class or category of criminal behavior. In adding to the list of specified crimes the phrase "or other like offense or offenses" the legislature was simply acknowledging that there may be other forms of the same general kind of criminal conduct, which would provide equally strong and reasonable justification for license revocation.
A different question, however, is presented by the commission's interpretation of § 20-320 (8) to the effect that the crime of which the plaintiff was convicted, milking a false statement on an application to extend the time for thing his federal income tax return, is a like offense" to the crimes that are specifically listed in that statute. Judging whether such an interpretation is plausible or reasonable requires an analysis of those crimes that are specified to determine whether the crime of which the plaintiff was convicted is "like" them. In short and in Latin, ejusdem generis. See Eastern ConnecticutCable Television, Inc. v. Montville, 180 Conn. 409, 413 (1980).
The crimes of forgery, embezzlement, obtaining money under false pretenses, larceny, extortion and conspiracy to defraud — that is, the crimes specifically listed in § 20-320
(8) — are essentially crimes involving the actor's depriving an identifiable victim of his or her money or property by illegal means in order to benefit the actor. See General Statutes §§ 53a-118 to 53a-131 and 53a-137 to 53a-140. Since real estate brokers and agents regularly deal with individuals and handle their money, the legislature's intent to single out that kind of criminal behavior as grounds for mandatory license CT Page 5494 revocation under § 20-323 makes perfect sense. The statute thus has the effect of protecting the public from real estate brokers and agents who have been guilty of a particular kind of criminal misconduct — that is, misconduct to which their clients in the real estate business environment are especially vulnerable.
In the present case, however, the plaintiff's crime was not one to which the real estate business is readily susceptible. It had nothing to do with the handling of money: more particularly, the crime had nothing to do with illegally depriving some identifiable victim of money to benefit the plaintiff. Without minimizing the seriousness of the plaintiff's offense, it is not the same kind of misconduct as that exemplified by the crimes that are specified in the statute. The same could be said of many other crimes — murder, drug trafficking, arson, for example — serious, to be sure, but not of the category that the legislature has designated for manufactory revocation of a real estate license. Accordingly, the commission erroneously applied the statute as the basis for revoking the plaintiff's license, and for that reason, the plaintiff's appeal must be sustained.
The court's decision in this case does not mean that the commission is powerless to take action against a licensee who it finds guilty of misconduct other than that specified in subdivision (8) of § 20-320. Indeed, that statute permits the commission to impose a wide range of sanctions against a licensee who it finds has violated other subdivisions. In the present case, however. the commission did not follow that path, which involves a wholly different procedure and requires proof of different facts. The court expresses no opinion as to whether the commission could legally sanction the plaintiff on the basis of some other statutory provision. The court's decision in this case simply means that the revocation of the plaintiff's license on the basis of the mandatory provisions of General Statutes §§20-323 and 20-320 (8) may not stand.
For all of the foregoing reasons, the plaintiff's appeal is sustained. In accordance with the provisions of General Statutes § 4-183(k), the case is remanded to the commission, and the commission is ordered to reinstate the plaintiff's license.
MALONEY, J. CT Page 5495