[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by the plaintiff, Laurence Z. Cohen, from a March 26, 2001 final decision of the defendant, Department of Motor Vehicles ("the department"), suspending his registration for failure to comply with the department's motor vehicle emissions program under General Statutes § 14-164c. The basis of this appeal involves a challenge to the department's new hardship regulation in the emissions program, §14-164c-11b of the Regulations of Connecticut State Agencies, which the plaintiff contends is illegal. (Complaint, p. 2, ¶ 4.)
The department has moved to dismiss the plaintiff's appeal on the jurisdictional ground that the plaintiff has not appealed from a contested case.[1] General Statutes § 4-183(a), of the Uniform Administrative Procedure Act ("UAPA"), requires that an appeal be taken from a "final decision." A final decision is an "agency determination in a contested case." General Statutes § 4-166 (3). A "contested case" is one in which a hearing is "required by statute." General Statutes § 4-166 (2); see Summit Hydropower Partnership v. Commissioner ofEnvironmental Protection, 226 Conn. 792 (1993) (no contested case as commissioner not mandated to hold hearing); Dadiskos v. Connecticut RealEstate Commission, 37 Conn. App. 777 (1995) (revocation of license may not be appealed as no hearing required by statute). Here, the department notes that under General Statutes § 14-164c(j), the commissioner may suspend a person's motor vehicle registration on non-compliance with the emission provisions, and this statutory section does not provide for a hearing.
The plaintiff, in rebuttal, points to General Statutes § 14-111
that gives the commissioner the general authority to suspend the registrations of motor vehicles "with or without a hearing." Since this statutory language alone does not mandate a hearing, the plaintiff relies on the case of Labenski v. Goldberg, 33 Conn. App. 727 (1994), where a license was suspended under General Statutes § 14-111 (a) and no issue of lack of a contested case was raised. The answer to this is thatLabenski began in the trial court before Summit Hydropower was decided in the Supreme Court and the jurisdictional issue was never raised or considered by the trial court or Appellate Court. Nor can the reference to a stay pending "appeal" in General Statutes § 14-111 be determinative of the right to take an administrative appeal. The standards set forth in § 4-183 (a) and § 4-166 (2) on contested cases would have to be satisfied. These have not been met here. CT Page 13399
The plaintiff further notes that he challenged a department order suspending his registration in a prior lawsuit. On September 1, 2000, the department voluntarily agreed a hearing on the propriety of suspending the plaintiff's registration and moved to dismiss the earlier suit.[2]
The court granted that motion on September 25, 2000.
Now that the hearing has taken place, the plaintiff has again appealed and claims that, since he had the hearing, he is entitled to this appeal. Dadiskos v. Connecticut Real Estate Commission, supra,37 Conn. App. 782 holds otherwise. "If a hearing is not statutorily mandated, even if one is gratuitously held, a `contested case' is not created. [Summit Hydropower Partnership v. Commissioner of EnvironmentalProtection, supra, 226 Conn.], 807-809; see also Fraenza v. Keeney,43 Conn. Sup. 386, 390, 655 A.2d 1113 (1994), aff'd, 232 Conn. 401,655 A.2d 1112 (1995)."[3]
Since there is no hearing required by statute, there is no contested case. The department's motion to dismiss is granted and the plaintiff's appeal is dismissed.
Henry S. Cohn, Judge